UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC., a Delaware     :
corporation; UMG RECORDINGS, INC., a Delaware
corporation; VIRGIN RECORDS AMERICA, INC., a     :
California corporation; and SONY BMG MUSIC
ENTERTAINMENT, a Delaware general partnership,     :    Case No. 05CV7340 (KMK)(THK)

                 :

            Plaintiffs,     :

     -against-     :

                 :

DENISE BARKER,     :

           Defendant.     :

-------------------------------------------------------------------------x

 

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

BACKGROUND ......................................................................................................... 4

ARGUMENT ............................................................................................................. 7

I.    LEGAL STANDARDS FOR MOTION TO DISMISS.................................................... 7

II.   PLAINTIFFS' COMPLAINT IS LEGALLY SUFFICIENT . ............................................ 8

      A.    Defendant's argument that the Complaint fails to set forth the specific acts  and the dates and times of the alleged copyright infringement does not  provide a proper basis upon which to dismiss Plaintiffs' Complaint. .................................... 8

             1.    Defendant's arguments regarding the sufficiency of Plaintiffs' Complaint have been repeatedly rejected by other federal courts. ............................... 8

             2.    Plaintiffs' complaint complies with the liberal notice pleading  policies of Rule 8. ................................................................................................ 10

             3.    Defendant's "Made Available for Download" argument is irrelevant. .... 15

CONCLUSION......................................................................................................... 24

APPENDIX…………………………………………………………………………….25

25369/276/734288.1

# TABLE OF AUTHORITIES

## Cases

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ...................... 5, 13, 18, 22, 25

*Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003) .................................................... 6, 13

*Atlantic Recording Corp., et al., v. Does 1-25*, No. 05-CV-9111-LTS (S.D.N.Y. 2005) ............... 9

*BMG Music et al., v. Gonzalez*, 430 F.3d at 890 (7th Cir. 2005). .................................................... 5

*BMG Music, et al. v. Jacob Conklin*, No. H-05-1482 (Sept. 16, 2005) ........................................ 10

*Brode v. Tax Management, Inc.*, 1990 WL 25691 (N.D. Ill. 1990) ............................................... 20

*Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ................................................................................................................................ 15

*CACI Int'l, Inc. v. Pentagen Tech. Int'l, Ltd.*, 1994 WL 1752376 at *4 (E.D.Va. June 16, 1994) ................................................................................................................................ 22

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) ......................................... 8

*Carell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) ............................... 12

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957) ................................................... 7

*cords, Inc. v. MP3Board, Inc.*, ................................................................................................ 22

*Elektra Entertainment Group, Inc., et al., v. Santangelo*, No. 05-CV-2414-CM (S.D.N.Y. 2005) ................................................................................................................................. 8

*Entertainment Inc., v. Does 1-40*, 326 F. Supp. 2d 556, at 565 (S.D.N.Y. 2004) ....................... 13

*Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991) .............................................. 10

*Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) ..................... 18

*Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1 (S.D.N.Y. 1991) ........ 16

*Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991 ................................................................................................................................. 16

*Getaped.com v. Cangemi*, 188 F. Supp.2d 398, 401 (S.D.N.Y. 2002) ......................................... 20

*Higgins v. Detroit Ed. Television Foundation*, 4 F.Supp.2d 701 (E.D. Mich. 1998) ................... 26

*Hotaling v. Church Of Jesus Christ Of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997) ........... 13

*Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic*, 1999 LEXIS 15837 at *8, 12 (S.D.N.Y. Oct. 13, 1999) ...... 14

*Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distribs. & Northwest Nexus, Inc.*, 983 F.Supp. 1167, 1173 (N.D. Ill. 1997) ...... 21

*Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000) ...... 11, 12, 14

*Matlow v. Solomon*, No. Civ. 04-6109, 2005 WL 309976 (D. Or. Feb. 7, 2005) ...... 19

*Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster Ltd., et al.*, 125 S. Ct. 2764 (2005) 4, 5, 13

*Obolensky v. G.P. Putnam's Sons*, 628 F.Supp. 1552, 1555 (S.D.N.Y. 1986) ...... 22

*Peer Int'l Corp. v. Latin American Music Corp.*, 161 F. Supp.2d 38, 55 (D.P.R. 2001) ...... 19

*Playboy Enters., Inc. v. Russ Hardenburgh, Inc.*, 982 F.Supp. 503 (N.D. Ohio 1997) ...... 20

*Records, Inc. v. MP3Board, Inc.*, ...... 22

*RSO Records, Inc. v. Peri*, 1980 WL 1164 (S.D.N.Y. Sept. 5, 1980) ...... 27

*Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) ...... 8

*Scott*, No. 03-Civ.-6886-BSJ ...... 13

*Sony Music Entertainment Inc. v. Scott*, No. 03-CV-6886 (BSJ) (S.D.N.Y. Jan. 3, 2006) ...... 20

*State v. Perry*, 697 N.E. 2d 624, 628 (Ohio 1998) ...... 21

*Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441 (7th Cir. 2001) ...... 10

*United States Naval Institute v. Charter Comm., Inc.*, 936 F.2d 692 (2d Cir. 1991) ...... 27

*Wildlife Internationale, Inc. v. Clements*, 591 F.Supp. 1542, 1547 (S.D. Ohio 1984) ...... 19

**Statutes**

17 U.S.C. § 106 ...... 7

**Other Authorities**

4 M. & D. NIMMER, NIMMER ON COPYRIGHT § 13.01 ...... 7

**Rules**

Fed. R. Civ. P. 8 ...... 8, 9, 10, 12

Rule 12(b)(6) ...... 7

- iii -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC., a Delaware      :
corporation; UMG RECORDINGS, INC., a Delaware
corporation; VIRGIN RECORDS AMERICA, INC., a      :
California corporation; and SONY BMG MUSIC
ENTERTAINMENT, a Delaware general partnership,    :    Case No. 05CV7340 (KMK)(THK)

                                                  :
            Plaintiffs,
                                                  :
      -against-
                                                  :
DENISE BARKER,
                                                  :
            Defendant.
                                                  :
-----------------------------------------------------------------------x

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Plaintiffs Elektra Entertainment Group Inc.; UMG Recordings, Inc.; and Virgin Records America, Inc. (collectively "Plaintiffs")[1] respectfully file this opposition to Defendant Denise Barker's motion to dismiss the Complaint. This motion is essentially identical to motions previously filed by Defendant's counsel that have been soundly rejected by Judges Swain, Sweet, and McMahon of the Southern District of New York.[2] Because Defendant's arguments have been repeatedly rejected, and because they are without legal merit, Defendant's motion should be denied.

## **BACKGROUND**

Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. Indeed, the Supreme Court recently characterized the magnitude of online piracy as "infringement on a gigantic scale." *See Metro-Goldwyn-Mayer Studios, Inc., et al., v. Grokster Ltd., et al.*, 125 S. Ct. 2764, 2782 (2005).

Peer-to-peer networks involve the use of online media distribution systems (otherwise known as file-sharing programs) that allow users to transform their computers into

---

[1] Concurrently with this Opposition to Defendant's Motion to Dismiss, Plaintiff Sony BMG Music Entertainment, pursuant to Rule 41, voluntarily dismisses its claims, without prejudice, against Defendant Denise Barker.

[2] *See, e.g., Loud Records, LLC, et al., v. Does 1-74*, No. 04-CV-9881-RWS (S.D.N.Y. 2005) (See Appendix, Sec. A) (denying motion to quash subpoena filed by Defendant's counsel of record and stating, "[t]he time of the identification of Doe is determined to be the date of filing the complaint and thereafter"), appeal dismissed, No. 05-5559 (2d Cir. Nov. 28, 2005), petition for en banc review pending; *Elektra Entertainment Group, Inc., et al. v. Santangelo*, No. 05-CV-2414-CM (S.D.N.Y. 2005) (See Appendix, Sec. B) (rejecting identical arguments by Defendant's counsel of record that Plaintiffs' complaint should be dismissed); *Atlantic Recording Corp., et al. v. Does 1-25*, No. 05-CV-9111-LTS (S.D.N.Y. 2005) (See Appendix, Sec. C) (rejecting in its entirety the argument that Plaintiffs' complaint should be dismissed for failure to allege specific dates and times of infringement).

interactive Internet sites for swapping copyrighted sound recordings with other users. The most infamous P2P network was the Napster system, which was enjoined by a federal court. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Other P2P networks, however, have arisen in Napster's wake, and the Supreme Court has held that these P2P networks are liable for the infringement of Plaintiffs' copyrighted works. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc., et al., v. Grokster Ltd., et al.*, 125 S. Ct. 2764 (2005).

As a direct result of piracy over the P2P networks, Plaintiffs have sustained and continue to sustain devastating financial losses. Indeed, in a recently issued report, the Department of Justice concluded that online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at http://www.cybercrime.gov/IPTaskForceReport.pdf, at 39 (October 2004). *See*. As the Seventh Circuit recently held, "[m]usic downloaded for free from the Internet is a close substitute for purchased music; many people are bound to keep the downloaded files without buying the originals." *BMG Music et al., v. Gonzalez*, 430 F.3d 888, 890 (7th Cir. 2005). In addition, downloads from P2P networks compete with licensed broadcasts and undermine the income available to authors. *Id.* at 891. Plaintiffs' losses from on-line music piracy have resulted in layoffs of thousands of employees in the music industry. Unfortunately, infringing users of peer-to-peer systems are often "disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement," rendering this serious problem even more difficult for copyright owners to combat. *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004).

- 5 -

P2P users who disseminate (upload) and copy (download) copyrighted material violate the Copyright Act. *See Grokster* at 2770-72 (noting that users of peer-to-peer networks share copyrighted music and video files on an enormous scale and as such even the providers of those networks "concede infringement" by the individual users); *Aimster*, 334 F.3d 643. A copy downloaded, played, and retained on one's hard drive for future use is a direct substitute for a purchased copy – and without the benefit of the license fee paid to the broadcaster. *See Gonzalez*, 430 F.3d at 891. Copyright infringement over P2P networks is rampant and widespread largely because users can conceal their identities by means of an alias. Copyright owners are able to detect infringement occurring on P2P networks, but can only identify the true names and locations of the infringers with the court-ordered assistance of the infringer's Internet Service Provider.

On November 12, 2004, Plaintiffs' investigators located an individual with the screen name "Phoenyxx@KaZaA" using the Kazaa file sharing program to engage in copyright infringement on a massive scale. Plaintiffs detected the infringement by logging onto the P2P network, in the same fashion as any Internet user, and viewing the files that Defendant was distributing to other users   This individual had 611 music files on her computer and offered them freely for distribution to the millions of people who use similar peer-to-peer networks. On information and belief, this individual downloaded all or many of these 611 music files without the permission of the record company copyright owners. In short, as an active user of a P2P network, Defendant was distributing copyrighted sound recordings stored on her computer to others and downloading copyrighted sounds recordings from other users of the P2P network.

Plaintiffs' investigators further ascertained that this individual used Internet Protocol ("IP") address 162.84.147.209 to connect to the Internet. Accordingly, Plaintiffs filed a

- 6 -

"John Doe" Complaint against this individual and, after obtaining a court order, issued a subpoena to Verizon Internet Services, Inc. ("VIS") in order to determine who used the above-referenced IP address. VIS identified "Denise" Barker. On August 19, 2005, Plaintiffs filed a Complaint against Denise Barker ("Defendant") for copyright infringement.

In conjunction with the Complaint filed in this case, Plaintiffs listed a sample of the songs that Defendant has been disseminating without authorization (*see* Exhibit A to the Complaint). Further, as alleged in the Complaint upon information and belief, Defendant downloaded (reproduced) the sound recordings without the permission of the Plaintiffs. (*See* Complaint, ¶ 12.)

For the reasons discussed below, Defendant's motion to dismiss the complaint should be denied.

## ARGUMENT

### I.    LEGAL STANDARDS FOR MOTION TO DISMISS.

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must decide whether the facts alleged in the Complaint, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

In resolving a 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether Plaintiffs can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Dismissal is reserved only

- 7 -

"for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## II.    PLAINTIFFS' COMPLAINT IS LEGALLY SUFFICIENT .

### A.    Defendant's argument that the Complaint fails to set forth the specific acts and the dates and times of the alleged copyright infringement does not provide a proper basis upon which to dismiss Plaintiffs' Complaint.

#### 1.    Defendant's arguments regarding the sufficiency of Plaintiffs' Complaint have been repeatedly rejected by other federal courts.

As an initial matter, the same arguments Defendant now advances to dismiss Plaintiffs' Complaint have previously been rejected on three different occasions by judges in the Southern District of New York.  *See Loud Records*, No. 04-CV-9881-RWS (Sweet, J.) (See Appendix, Sec. A), appeal dismissed, No. 05-5559 (2d Cir. Nov. 28, 2005), petition for en banc review pending; *Elektra Entertainment Group, Inc., et al., v. Santangelo*, No. 05-CV-2414-CM (S.D.N.Y. 2005) (McMahon, J.) (See Appendix, Sec. B); *Atlantic Recording Corp., et al., v. Does 1-25*, No. 05-CV-9111-LTS (S.D.N.Y. 2005) (*See* Appendix, Sec. C).  In *Loud Records*, Defendant's counsel of record made the very same arguments regarding the sufficiency of Plaintiffs' Complaint.   Judge Sweet flatly rejected those arguments, finding instead that Plaintiffs' Complaint sufficiently identified the time of infringement.  *See Loud Records* at 1, ("The time of the identification of Doe is determined to be the date of filing the complaint and thereafter.").[3]

---

[3] Indeed, Defendant's counsel recognized the import of Judge Sweet's holding on his "blog," available at http://recordingindustryvspeople.blogspot.com/2005/10/jane-doe-motion-to-quash-subpoena.html: "The judge concluded that plaintiffs' alleging 'continuing infringement' from the date of the complaint is sufficient." *See id*. at October 14, 2005.

Similarly, in *Santangelo*, Defendant's counsel of record filed a motion to dismiss on identical grounds as those set forth in Defendant's current motion to dismiss. Judge McMahon summarily denied the motion to dismiss, finding that "Plaintiff's Complaint satisfies Rule 8's pleading requirements, as applied to copyright infringement claims." *Id.* at 3. Moreover, with respect to the time period of the alleged copyright infringement, Judge McMahon found that the "assertion of continuous and ongoing infringement satisfied the pleading requirements applicable to claims for copyright infringement." *Id.* at 5. And in *Atlantic Recording Corp.*, Judge Swain denied counsel's third swing at dismissal, finding: "Here, Plaintiffs have sufficiently pled a copyright claim. The Complaint, therefore, does not fail to state a claim because Plaintiffs allege downloading and distribution as well as making copyrighted material available for distribution." *Atlantic Recording Corp.* at 2. Inexplicably, counsel for Defendant again advances the very same arguments that have been rejected by three other federal judges in the Southern District of New York.

In addition, the District Court for the Southern District of Texas has rejected similar arguments in a parallel case. In that case, a defendant moved to dismiss a similar complaint on nearly identical grounds to those set forth by Defendant in the current case. (*See* Appendix, Sec. D, Motion to Dismiss, *BMG Music, et al. v. Jacob Conklin*, No. H-05-1482 (Sept. 16, 2005).) The plaintiffs in *Conklin* opposed the motion to dismiss on the same grounds as those set forth below. (*See* Appendix, Sec. E, Opposition to Motion to Dismiss, *Conklin*, No. H-05-1482.) The *Conklin* court found no merit in the defendant's arguments and denied the motion to dismiss. (*See* Appendix, Sec. F, Order, *Conklin*, No. H-05-1482.)

Plaintiffs ask the Court to follow these decisions interpreting nearly identical complaints and reject Defendant's motion to dismiss.

- 9 -

### 2. Plaintiffs' complaint complies with the liberal notice pleading policies of Rule 8.

To state a claim of copyright infringement, Plaintiffs must only allege: (1) that they own valid copyrights and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works. *See Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). *See also, e.g., Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 4 M. & D. NIMMER, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant.").

Moreover, Rule 8 (a) requires, in pertinent part, that Plaintiffs' Complaint include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Defendant suggests that the Complaint is deficient with respect to the acts by which the copyrighted works were infringed and/or the time frame during which the infringement took place. These arguments are without merit, and the Motion to Dismiss should be denied.

### a. Plaintiffs have adequately alleged the acts by which the defendant infringed the copyrighted works.

Defendant's assertion that "[t]he Complaint makes no attempt to describe the specific acts of infringement" is simply incorrect. (Mem. Supp. Mot. at 3.) In support of this

- 10 -

contention, Defendant cites to *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000), for the proposition that Plaintiffs must "set out the 'particular infringing acts . . . with some specificity.'" (Mem. Supp. Mot. at 1.)  The acts the *Marvullo* court instructed must be specifically pleaded are the acts "by which [the] defendant directly or contributorily violated plaintiff's copyright." *Marvullo*, 105 F. Supp. 2d at 230.  Plaintiffs submit they have set forth the acts of infringement with far more than "some" specificity; their allegations are hardly the "[b]road, sweeping allegations of infringement" against which the *Marvullo* court warned. *Id.* at 230.

At its heart, Defendant's argument ignores the plain language of Plaintiffs' Complaint, which states:

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

(Complaint ¶ 12.)  Plaintiffs have therefore alleged the specific acts by which copyright infringement took place: the reproduction and distribution of the Copyrighted Recordings using an online media distribution system.  Moreover, Plaintiffs have gone beyond mere allegations by detailing evidence that Plaintiffs have gathered concerning the hundreds of files being shared by Defendant.  Specifically, Exhibit B to the Complaint is a copy of the shared folder as it appears on Defendant's computer.  It provides significant information concerning the P2P network used by Defendant, the manner by which Defendant infringed Plaintiffs' copyrights, the name of the alias that was used, and a comprehensive list of the works that Defendant has infringed.   In so doing, Plaintiffs have more than satisfied the liberal notice pleading standard of the federal rules.

- 11 -

And, in any event, Plaintiffs are *not* required to allege each individual act of copyright infringement in their Complaint. *See Carell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000) ("Plaintiff's Complaint narrows the infringing acts to the publication of the [copyrights at issue], and their illegal use in certain commercial products . . . . These allegations are sufficiently specific for the purposes of Rule 8, despite the fact that each individual infringement was not specified.").[4]

Courts have found that the actions described in Plaintiffs' Complaint unquestionably qualify as actionable copyright infringement. *See Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, at 565 (S.D.N.Y. 2004) (a file-sharing case, "Plaintiffs have made a concrete showing of a prima facie claim of copyright infringement"); *Scott*, No. 03-Civ.-6886-BSJ (finding "no genuine issue of material fact as to Defendant's liability for infringing Plaintiffs' copyrights") (See Appendix, Sec. G); *See also Grokster*, 125 S. Ct. at 2770-72 (basing its secondary liability finding on the "massive" underlying infringement by users of the P2P network); *Gonzalez*, 430 F.3d at 890, ("Music downloaded for free from the Internet is a close substitute for purchased music; many people are bound to keep the downloaded files without buying the originals.") *Aimster*, 334 F.3d at 645 ("transmitting a digital copy of [copyrighted] music . . . infringes copyright"); *Napster*, 239 F.3d at 1014 ("Napster users who upload file names to the search index for others to copy violate Plaintiffs' distribution rights."); *Hotaling v. Church Of Jesus Christ Of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) (placing unauthorized copy of copyrighted work in library's collection, listing work in library's index or catalog system, and making work available to borrowing or browsing public was distribution of work within meaning of Copyright Act).

---

[4] Indeed, Plaintiffs could hardly be expected to do so: the infringement has been taking place for as long as the sound recordings have been available on Defendant's computer.

The authorities cited by Defendant are distinguishable and unavailing. In *Marvullo*, the plaintiff alleged that his photograph "was published by the Defendants beyond the scope and authority of the limited license" sold by the plaintiff to the defendants and "contributorily infringed said copyright by alternatively acquiring, publishing, using and placing upon the general market . . . a photographic image which was copied largely from plaintiff's copyrighted photographic image." *See Marvullo*, 105 F. Supp. 2d at 228-29. The *Marvullo* court found that the plaintiff's allegations were far too "vague and conclusory" and held that, "[a]side from the specific allegation that defendant . . . violated plaintiff's copyright by unauthorizedly cropping the . . . photograph, [the plaintiff] fails to allege with specificity any acts by which either defendant directly or contributorily violated plaintiff's copyright." *Id.* at 230-31. Here, however, Plaintiffs have pleaded the precise acts "by which [the] defendant directly . . . violated plaintiff's copyright": the reproduction and distribution of Plaintiffs' copyrighted sound recordings using an online media distribution system.

Defendant's citation to *Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic*, 1999 LEXIS 15837 at *8, 12 (S.D.N.Y. Oct. 13, 1999), as authority for dismissal for want of specificity because of the use of "and/or" in Plaintiffs' Complaint is equally unavailing. (Mem. Supp. Mot. at 1.) The *Lindsay* court dismissed the complaint in that case for a broad lack of specificity – not simply for the use of "and/or" in the complaint. *See id.* at 12, ("[T]hese vague and conclusory allegations are, as a matter of law, insufficient to withstand the instant motion."). As previously stated, Plaintiffs have clearly met their burden by pleading by what acts and at what time Defendant was infringing Plaintiffs' copyrights.

Defendant similarly cites *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561, *1 (S.D.N.Y. Feb. 11, 2003), for the proposition that "a complaint must therefore

allege . . . 'by what acts during what time the defendant infringed the copyright.'" (Mem. Supp. Mot. at 2.) But in that case, the plaintiff literally included *no* allegation in its complaint that the defendant had "violated any of its alleged exclusive rights in its works." Specifically, "[the defendant] is not alleged to have (i) reproduced plaintiff's work; (ii) prepared derivative works based on plaintiff's work; (iii) distributed copies of plaintiff's work to the public for sale; or (iv) performed plaintiff's work publicly by means of digital audio transmission." *Brought to Life Music, Inc.*, 2003 WL 296561 at *1. Here, Plaintiffs have alleged that Defendant violated Plaintiffs' exclusive rights of reproduction and distribution through her use of an online media distribution system – precisely the sort of allegations missing from the complaint in *Brought to Life*.

Defendant also suggests that Plaintiffs have not adequately specified the time frame during which the copyright infringement took place. (See Mem. Supp. Mot. at 3.) Courts in this district, however, have previously recognized on a number of occasions that an allegation of ongoing and continuous infringement satisfies the requirement that the complaint specify the time period during which the subject copyright infringement occurred. For example, in *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991), the court considered a motion to dismiss a copyright infringement count for failure to state the time of infringement. The court held that by alleging continuous infringement, the plaintiff in that case had sufficiently pled the time of infringement and, therefore, denied the motion to dismiss. *See id.* at 4. ("[W]hile plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe.").

In parallel cases brought by recording company plaintiffs, this Court examined a nearly identical complaint and found "[t]he time of identification of Doe is determined to be the

- 14 -

date of filing the complaint and thereafter." *Loud Records*, No. 04-CV-9881-RWS (See Appendix, Sec. A). *See also Santangelo*, No. 05-CV-2414-CM, at *4 (S.D.N.Y. 2005) (See Appendix, Sec. B) ("The Court finds that Plaintiffs have also satisfied the final requirement— that Plaintiffs identify by what acts and during what time defendant infringed the copyrights."), *Atlantic Recording Corp.*, No. 05-CV-9111-LTS, at *2 (S.D.N.Y. 2005)( See Appendix, Sec. C) ("Here Plaintiffs have sufficiently pled a copyright claim. They have alleged that . . . Defendants have and continue to 'download, distribute to the public, and/or make available for distribution to others' their copyrighted titles." Here, Plaintiffs have alleged an ongoing and continuous infringement by Defendant. Plaintiffs' Complaint unquestionably satisfies the requirement that it show the dates and times of the infringing acts.

Because Plaintiffs have more than adequately described the acts and the time during which Defendant infringed Plaintiffs' copyrights, Defendant's Motion to Dismiss on this point should be denied.

## III.    DEFENDANT'S "MADE AVAILABLE FOR DOWNLOAD" ARGUMENT IS IRRELEVANT.

Defendant argues that "merely offering files or making them available for distribution to others does not constitute copyright infringement." (Mem. Supp. Mot. at 4.). Defendant's argument ignores the text of the copyright statute, case law and international treaties—all of which provide that making actual files available for distribution is a violation of the copyright owner's exclusive right to distribution.

### A.    The Copyright Act and the Legislative History Establish that "Making Available" is an Exclusive Right of the Copyright Owner

Pursuant to 17 U.S.C. § 106(3), the owner of a copyright in a sound recording has the exclusive right to "distribute copies . . . to the public by sale or other transfer of ownership,

or by rental, lease or lending."   While the Copyright Act does not directly define "distribute" or

"distribution," it does define the terms within its definition of "publication":

> The distribution of copies or phonorecords of a work to the public
> by sale or other transfer of ownership by rental, lease, or lending.
> **The offering to distribute copies or phonorecords to a group of
> persons for purposes of further distribution, public
> performance, or public display, constitutes publication.**

17 U.S.C. § 101 (emphasis added).

Courts, including the Supreme Court, have cited the definition of "publication" in

determining the scope of the distribution right.  The legislative history of the 1976 revision to the

Copyright Act indicates that "Clause (3) of section 106, established the exclusive right of

publication . . . .  Under this provision, the copyright owner would have the right to control the

first public distribution of an authorized copy . . . of his work." *Harper & Row Publishers, Inc.*

*v. Nation Enters.*, 471 U.S. 539, 552 (1985) (quoting H.R. Rep. No. 94-1476, at 62 (1976)).

Subsequent courts have interpreted this reference in the legislative history to equate

"distribution" with "publication." *See Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d

277, 299 (3d Cir. 1991) (noting that "publication and the exclusive right protected by section

106(3) are for all practical purposes synonymous.").  As such, the plain text of the Copyright

Act, its legislative history and subsequent case law clearly establish that the offer to distribute (or

"making available") is an exclusive right of the copyright owner.

### B.     Case Law Supports An Interpretation of the Copyright Act to Protect the Right of Making Available

Courts that have addressed facts nearly identical to those in the current case have

conclusively held that "making available" constitutes copyright infringement.  For example, in

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997), the

defendant obtained unauthorized copies of a work, added a listing of the unauthorized copies to

- 16 -

its index, and made the unauthorized copies available for distribution to the public in its library. The court held that even in the absence of proof the work had actually been provided to the public and the work had been distributed within the meaning of 17 U.S.C. § 106(3). *See id.* at 203. It was enough that the title of the work had been included in an index and that the work could have been checked out by a member of the public. It was not necessary for the Plaintiffs to show that work had ever actually been checked out.

The Ninth Circuit in *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) also found that "making available" constituted copyright infringement. In *Napster*, the court evaluated the situation where an individual made copyrighted sound recordings available for distribution on a peer-to-peer program, but did not submit evidence of actual distribution. The court held that "Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights." *Id.* at 1014. This same analysis was also applied in *Matlow v. Solomon*, No. Civ. 04-6109, 2005 WL 309976 (D. Or. Feb. 7, 2005). In *Matlow*, the defendant "offered for sale unauthorized copies of [plaintiff's] photographs by listing them on the eBay internet auction web site." *Id.* at *1. Without proof of actual distribution, the court held that "it appears undisputed that defendant violated the copyright act." *Id.*

Numerous other courts have applied the same analysis and have treated offers for sale or distribution as copyright infringement. *See, e.g., Wildlife Internationale, Inc. v. Clements*, 591 F.Supp. 1542, 1547 (S.D. Ohio 1984) (concluding that distribution consists of "sale or **offer of sale**," without reference to whether the offer was accepted) (emphasis added); *Peer Int'l Corp. v. Latin American Music Corp.*, 161 F. Supp.2d 38, 55 (D.P.R. 2001) (finding that because works were made available in catalog, defendants "may have infringed upon Plaintiffs' copyrights"); *Brode v. Tax Management, Inc.*, 1990 WL 25691 (N.D. Ill. 1990) (finding evidence of actual

- 17 -

dissemination was not required to defeat summary judgment where a copyrighted work was improperly made available on LEXIS).

This Court has applied this rule in the Internet context, recognizing that "posting music files, software or photographs on a webpage . . . has been held in numerous instances to constitute publication," thus effectively constituting a distribution. *Getaped.com v. Cangemi*, 188 F. Supp.2d 398, 401 (S.D.N.Y. 2002) ("[M]erely by accessing [copyrighted material on] a webpage, an Internet user acquires the ability to make a copy of that webpage, a copy that is, in fact, indistinguishable in every part from the original. Consequently, when a website goes live, the creator loses the ability to control either duplication or further distribution of his or her work. A webpage in this respect is indistinguishable from photographs, music files or software posted on the web—all can be freely copied."). This same conclusion was reached by this Court in *Sony Music Entertainment Inc. v. Scott*, No. 03-CV-6886 (BSJ) (S.D.N.Y. Jan. 3, 2006). In *Scott*, this Court granted summary judgment based on the fact that "Defendant distributed 944 music files through the Kazaa system, making each of them available for downloading to millions of other Kazaa users." *Id.* at 2, (See Appendix, Sec. G). The court in *Playboy Enters., Inc. v. Russ Hardenburgh, Inc.*, 982 F.Supp. 503 (N.D. Ohio 1997) also reached a similar conclusion. In *Playboy*, the defendant operated an Internet bulletin board and made the plaintiff's copyrighted pictures available for download. The plaintiff contended that such an act, even in the absence of proof of actual distribution, constituted copyright infringement. The court agreed with the plaintiff and found the defendant liable for copyright infringement noting: "Defendants disseminated unlawful copies of PEI photographs to the public by adopting a policy in which [defendant's] employees moved those copies to the generally available files instead of discarding them." *Id.* at 513. *See also State v. Perry*, 697 N.E.2d 624, 628 (Ohio 1998) (finding

- 18 -

state criminal law preempted by federal copyright law and noting "[p]osting software on a bulletin board where others can access and download it is distribution."); *Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distribs. & Northwest Nexus, Inc.*, 983 F.Supp. 1167, 1173 (N.D. Ill. 1997) (granting summary judgment based on defendant's admission that "once the files were uploaded, they were available for downloading by Internet users."). As this precedent clearly establishes, making a copyrighted work available is an exclusive right of the copyright owner, the violation of which constitutes copyright infringement.

The few cases cited by Defendant are inapplicable and do not compel a different conclusion in this case. (Mem. Supp. Mot. at 4.) In each of these cases, the defendant simply *listed* the existence or availability of the copyrighted work in an index. In none of these cases did the Plaintiffs show that the defendants actually controlled unauthorized copies of the copyrighted work. Indeed, the court in *In re Napster* recognized this critical distinction when distinguishing its holding from the *Hotaling* decision. 2005 WL 1688374 at *6 (N.D.Cal. May 31, 2005) (comparing the different factual situation encountered in *Hotaling* by stating "[t]he infringing works never resided on the Napster system."). Similarly, in *Arista Rerds, Inc. v. MP3Board, Inc.*, the court based its ruling on the fact that "no music files were located on the MP3Board Web site." 2002 WL 1997918, at * 1 (S.D.N.Y. Aug. 29, 2002). Other courts have adopted a similar analysis when the defendant did not have the infringing work in his or her possession. *See, e.g., Obolensky v. G.P. Putnam's Sons*, 628 F.Supp. 1552, 1555 (S.D.N.Y. 1986) (defendant simply listed the existence of the book in a trade journal and "never had possession, custody, or control of any copies of the [copyrighted work.]"); *CACI Int'l, Inc. v. Pentagen Tech. Int'l, Ltd.*, 1994 WL 1752376 at *4 (E.D.Va. June 16, 1994) (defendant merely offered to "provide a derivative work of [the] copyrighted material.").

- 19 -

Thus, the question is not whether a defendant has simply put a title in an index. Rather, the inquiry should focus on whether the defendant actually made the work available, i.e., placed the name in an index and made the work available through that index. A ruling to the contrary would prejudice copyright owners when a defendant does not keep records of public use yet is unjustly rewarded by this omission.

C.      <b>The WIPO Digital Treaties Implementation Act<br>Strongly Supports the Conclusion that U.S. Law<br>Protects the Exclusive Right to "Make Available"</b>

The plain language of two Word Intellectual Property Organization ("WIPO") treaties, both of which the United States has ratified and implemented, provide strong support for the conclusion that the right to "make available" is part of the distribution right. Moreover, the Copyright Office and numerous federal agencies have repeatedly taken the position that the right of "making available" copyrighted works, as used in the WIPO treaties, is protected by the Copyright Act's grant of exclusive rights.

The United States has entered into two treaties that directly address the right of "making available": the WIPO Copyright Treaty ("WCT") and the WIPO Performances and Phonograms Treaty ("WPPT"), or together the "WIPO digital treaties." Those treaties make clear that a right of making available is protected. Indeed, if the Copyright Act did not protect this right—as Congress clearly stated it did—the United States would be out of compliance with its treaty obligations.

The WCT's text establishes the right of "making available":

> Authors of literary and artistic works shall enjoy the **exclusive right of authorizing the making available to the public** of the original and copies of their works through sale or other transfer of ownership. (Article 6)

> [A]uthors of literary and artistic works shall enjoy the exclusive right of authorizing any communication to the public of their

- 20 -

> works, by wire or wireless means, **including the making available to the public of their works** . . . (Article 8)

WIPO Copyright Treaty, Dec. 20, 1996, arts. 6 & 8, WIPO Doc. CRNR/DC/9.

Thus, the right of "making available" is provided for on the face of the WCT and WPPT treaties. The United States, upon ratification, was required to take whatever steps were necessary to bring U.S. law into compliance with the treaties' terms. As part of implementation, the U.S. Department of Commerce transmitted to Congress the text of the treaties. Congress then, itself, reviewed the treaties and U.S. law in order to revise U.S. law appropriately. Both Congress and the Executive branch agreed that no changes were necessary to U.S. law to protect the exclusive rights (including "making available") required by the treaties. Government witnesses and copyright experts from many agencies including the Commerce Department (and PTO),[5] the State Department,[6] and the U.S. Copyright Office[7] all concurred in the decision to ratify the treatise without amending Section 106. Upon implementing the treaties, the House and Senate were in unanimous agreement that the then-existing Copyright Act already protected the right of making available.

Moreover, since the implementation of the treaties, the United States Copyright Office has taken the position that the Copyright Act grants a copyright owner the exclusive right

---

[5] Statement of Bruce Lehman, PTO Commissioner, *WIPO Copyright Treaties Implementation Act; and Online Copyright Liability Limitation Act, Hearing on H.R. 2281 & H.R. 2180 Before the House Subcommittee on Courts and Intellectual Property of the Committee on the Judiciary*, 105th Cong. 87 (1997).

[6] Testimony of Alan P. Larson, Assistant Secretary of State, *WIPO Copyright Treaty (WCT) (1996) and WIPO Performances and Phonograms Treaty (WPPT) (1996), Hearings Before the Senate and the Committee on Foreign Relations*, 105th Cong. (Sept. 10, 1998).

[7] On the subject of controlling access to a work, the Copyright Office concluded that "[i]t has long been accepted in U.S. law that the copyright owner has the right to control access to his work, and may choose not to make it available to others or to do so only on set terms." Statement of Mary Beth Peters, Register of Copyrights, *WIPO Copyright Treaties Implementation Act and Online Copyright Liability Limitation Act, Hearing on H.R. 2281 & H.R. 2180 Before the House Subcommittee on Courts and Intellectual Property of the Committee on the Judiciary*, 105th Cong. 43 (1997).

- 21 -

of "making available" copies of a copyrighted work. The Register of Copyrights addressed the issue of offering copyrighted works on a peer-to-peer network directly: "[M]aking [a work] available for other users of a peer to peer network to download . . . constitutes an infringement of the exclusive distribution right, as well of the reproduction right." Letter from Marybeth Peters to Rep. Howard L. Berman 1 (Sept. 25, 2002) (citing *Napster*, 239 F.3d at 1014), *reprinted in Piracy of Intellectual Property on Peer-to-Peer Networks: Hearing Before the Subcomm. on Courts, the Internet, and Intellectual Property of the House Comm. on the Judiciary*, 107th Cong. 114-15 (2002).

Thus, the United States made a clear determination that no alterations were needed to the exclusive rights in Section 106 in order to fully protect all of the rights delineated in the WIPO treaties. As such, the Copyright Act includes the exclusive right of "making available."

### D. Defendant's Actions Constitute Copyright Infringement

In the case at hand, Plaintiffs have gathered substantial evidence that Defendant has downloaded (copied) unauthorized copies of Plaintiffs' copyrighted sound recordings. *See* Exh. B to the Complaint and Section "BACKGROUND", *supra*. These unauthorized copies were, and likely still are, located on Defendant's computer in his "share" folder. *See id.* Plaintiffs' Complaint alleged a cause of action based on this evidence. *See* Complaint, ¶ 12 (Defendant "has used, and continues to use, an online media distribution program to download the Copyrighted Recordings."). Because Defendant placed unauthorized copies of Plaintiffs' copyrighted sound recordings in his share folder such that they were readily and instantaneously available for others to download, he has distributed Plaintiffs' copyrighted sound recordings within the meaning of § 106(3). With the number of music files in Defendant's "share" folder

- 22 -

available for distribution, Plaintiffs' Complaint does more than specify one instance of unauthorized copying and distribution; Plaintiffs' Complaint alleges up to 611 instances of unauthorized copying and distribution.

## IV. DEFENDANT IS LIABLE FOR COPYRIGHT INFRINGEMENT REGARDLESS OF WHO DOWNLOADED THE FILES HE WAS DISTRIBUTING IN HIS OR HER SHARE FOLDER

Defendant cites a handful of cases for the proposition that "any alleged downloading of copyrighted files from defendants' computers by plaintiffs or their agents does not constitute 'distribution to the public' and therefore does not constitute copyright infringement." (Mem. Supp. Mot. at 4, fn. 3.). As shown below, Defendant's reliance on these cases is misplaced.

First, *Higgins v. Detroit Ed. Television Foundation*, 4 F.Supp.2d 701 (E.D. Mich. 1998) is inapplicable because it involves the situation where the plaintiff's agent purchased the sole copy of the allegedly infringing work. The court observed that "such a sale [of the only infringing copy] prevents the distribution of such copies to the general public." *Id.* at 705. In the case at bar, Defendant was offering an unlimited number of copies of Plaintiffs' copyrighted work to anyone who downloaded them. Even after Plaintiffs' investigator downloaded a copy of the work, it was still available to millions of other people. As such, the downloading by Plaintiffs' investigators did not "prevent[] the distribution of such copies to the general public" and *Higgins* is inapplicable.

Defendant also relies on *United States Naval Institute v. Charter Comm., Inc.*, 936 F.2d 692 (2d Cir. 1991). This case is distinguishable in that the plaintiff was accusing its exclusive licensee of infringing the copyright. Of course, no such infringement occurs in that situation because it is axiomatic that a person cannot be liable for infringing exclusive rights

- 23 -

granted to him or her.  Here, Plaintiffs are not suing any licensee of their copyrighted sound recordings.  Plaintiffs' action is against Defendant, an individual who has not been granted any rights to Plaintiffs' copyrighted works, and who has infringed Plaintiffs' copyrights.

*RSO Records, Inc. v. Peri*, 1980 WL 1164 (S.D.N.Y. Sept. 5, 1980) is equally inapplicable.  In *RSO*, the defendant asserted a counterclaim alleging that the plaintiff had induced or otherwise participated in defendant's infringement.  In striking this counterclaim the court noted that a plaintiff cannot infringe its own copyright and, as such, cannot "participate in" or "induce" the defendant to infringe.  In the case at hand, Defendant has not alleged that Plaintiffs induced or otherwise participated in his infringement.  Indeed, such a claim would be nonsensical as Defendant was downloading and distributing Plaintiffs' copyrighted works independent of any action by Plaintiffs.  As such, *RSO Records* also does not apply to the current case.

## CONCLUSION

For all of the above reasons, Plaintiffs ask the Court to deny Defendant's motion in its entirety, and for such other relief as the Court deems just and equitable.

Dated:  New York, New York
        January 24, 2006

_____

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Plaintiffs

By: _____
     J. Christopher Jensen (JJ-1864)
     Maryann Penney (MP-0741)
     1133 Avenue of the Americas
     New York, New York 10036-6799
     Phone:  (212) 790-9200
     Fax:  (212) 575-0671

- 24 -

25369/276/734288.1

BELDOCK LEVINE & HOFFMAN LLP
Attorneys for defendant "Jane Doe"
99 Park Avenue, 16th Floor
New York, NY 10016
(212) 490-0400
Morlan Ty Rogers (MR 3818)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

LOUD RECORDS, LLC, et al.,

                                            Plaintiffs,

                    -against-

DOES 1-74,

                                            Defendants.

-------------------------------------------------------x

**NOTICE OF MOTION**

No. 04 CV 9681 (RWS)

ELECTRONICALLY FILED

*[Handwritten annotations:]*
*This motion is denied for failure to establish grounds under Rule 45. The time of the identification of Doe is determined to be the date of filing the complaint and thereafter.*
*So ordered*
*Sweet USDJ*
*10-12-05*

*This order: The enforcement of the suby... is st... for 10 days to permit an appeal and submission ... an emerger... motion ... Court of Appe...*

*[Date stamp:]* RECEIVED SEP 30 2005 JUDGE SWEET CHAMBERS

*10/14/05*

PLEASE TAKE NOTICE that, upon the annexed affidavit of Morlan Ty Rogers, Esq., the exhibits annexed thereto and the accompanying Memorandum of Law, the undersigned will move before the Honorable Robert W. Sweet, United States District Judge, in Courtroom 18C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on October 12, 2005, at 12:00 noon or as soon thereafter as counsel can be heard, for an Order, pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, quashing the subpoena issued by plaintiffs' attorneys to CSC Holdings, Inc. to the extent that it seeks information identifying Jane Doe, the Doe Defendant purportedly associated with Internet Protocol address 24.44.206.181 @ 2004-01-26 04:10:07 EDT, including the name, address, telephone number, e-mail address and Media Access Control address for such person and granting such other and further relief as may be just and proper.

PLEASE TAKE FURTHER NOTICE that opposing affidavits and memoranda of law, if any, must be served upon the undersigned within four (4) business days pursuant to Local Rule 6.1(a) and must be filed with the Court in accordance with applicable rules. Unless such affidavits and memoranda of law are timely served and filed, the relief sought herein may be granted.

Dated: New York, New York
       September 29, 2005

                                        BALDOCK LEVINE & HOFFMAN LLP
                                        Attorneys for defendant "Jane Doe"

                                        By: _Morlan Ty Rogers_
                                             Morlan Ty Rogers (MR 3818)
                                        99 Park Avenue, 16th Floor
                                        New York, NY 10016
                                        (212) 490-0400

To:    Cowan, Liebowitz & Latman, P.C.
       Attorneys for plaintiffs
       1133 Avenue of the Americas
       New York, NY 10036-6799
       (212) 790-9200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP, INC., a
Delaware corporation; VIRGIN RECORDS AMERICA,
INC., a California corporation; UMG RECORDINGS,
INC., a Delaware corporation; BMG MUSIC, a New
York general partnership; and SONY BMG MUSIC
ENTERTAINMENT, a Delaware general partnership,

Plaintiffs,

     -against-                                        05 Civ. 2414 (CM)

PATRICIA SANTANGELO,

Defendant.
-----------------------------------------------------------------x

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

McMahon, J:

     Plaintiffs Elektra Entertainment Group, Inc., Virgin Records America, Inc., UMG

Recordings, Inc., BMG Music, and Sony BMG Music Entertainment (collectively "Plaintiffs")

are recording companies that own or control exclusive rights to copyrights in sound recordings.

(Complaint ("Cplt.") ¶ 11).  Pursuant to the Copyright Act of 1976, 17 U.S.C. § 106, Plaintiffs

enjoy the exclusive right to reproduce and to distribute to the public the copyrighted sound

recordings at issue.  (Cplt. ¶ 12).

     Plaintiffs bring this action against defendant for copyright infringement, seeking damages

and injunctive relief.  In their Complaint, Plaintiffs allege that:

> Plaintiffs are informed and believe that Defendant, without the permission or
> consent of Plaintiffs, has used, and continues to use, an online media distribution
> system to download the Copyrighted Recordings, to distribute the Copyrighted
> Recordings to the public, and/or to make the Copyrighted Recordings available
> for distribution to others.  In doing so, Defendant has violated Plaintiffs'
> exclusive rights of reproduction and distribution.  Defendant's actions constitute
> infringement of Plaintiff's copyrights and exclusive rights under copyright.

(Cplt. ¶ 13).

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiffs have failed to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), as applied to copyright infringement claims.  Because the court finds that Plaintiffs have adequately plead their claim under Rule 8's lenient pleading standard, defendant's motion is denied.

## Standard of Review

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999).  The test is not whether the plaintiff ultimately is likely to prevail, but whether he is entitled to offer evidence to support his claims. Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998).  The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiff's favor. EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir.2000).  "In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner, Inc. 937 F.2d 767, 773 (2d Cir. 1991).

## Discussion

Defendant moves to dismiss the Complaint on the ground that Plaintiffs have failed to satisfy the pleading requirements applicable to copyright infringement claims.  In particular, defendant claims that Plaintiffs fail to set forth the specific acts and the dates and times of the

2

alleged copyright infringement, as required by Federal Rule of Civil Procedure 8.

Pursuant to Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gmurzynska v. Hutton, 355 F.3d 206, 209 (2d Cir. 2004) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). "With the exception of claims for fraud and mistake [] the sufficiency of a complaint is judged by the 'liberal system of notice pleading' set up by the federal rules." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

A complaint alleging copyright infringement sufficiently complies with Rule 8 when the plaintiffs assert (1) which specific original works form the subject of the copyright claim; (2) that plaintiffs own the copyright in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright. Franklin Elec. Publ'r, Inc. v. Unisonic Prod. Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991); Home & Nature Inc. v. Sherman Specialty Co, Inc., 322 F.Supp.2d 260, 266 (E.D.N.Y. 2004). A properly plead copyright infringement claim must identify "the particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000).

Plaintiffs' Complaint satisfies Rule 8's pleading requirements, as applied to copyright infringement claims. It is undisputed that Plaintiffs have identified which specific works form the subject of the copyright claim, and have asserted that Plaintiffs own the copyrights in those

works and that such copyrights have been properly registered. The court finds that Plaintiffs also have satisfied the final requirement– that Plaintiffs identify by what acts and during what time defendant infringed the copyrights.

The Complaint, to which a list of the relevant copyrighted recordings is attached, alleges that defendant "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Cplt. ¶ 13). This statement, while brief, contains more than "simply broad and sweeping allegations of infringement." Rather, it sufficiently puts defendant on notice as to which acts– downloading and distribution of certain copyrighted recordings via online media– form the basis of the Plaintiffs' claim. See Home & Nature Inc, 322 F.Supp.2d at 266-267 (finding sufficient under Rule 8 plaintiff's claim that, since December 2000, defendant has infringed one or more copyrights by "importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items"); Buckman v. Citicorp, 1996 WL 34158, *2 (S.D.N.Y. Jan. 30, 1996) (finding that the complaint, which alleged that defendant "copied by Electronically Reproducing," misappropriated, used and exploited "Buckman's Theory," sufficiently put defendant on notice of plaintiff's claims); cf. Marvullo, 105 F.Supp.2d at 230 (finding that, "Aside from the specific allegation that defendant [] violated plaintiff's copyright by unauthorizedly cropping the McNeely photograph, [the complaint] fails to allege with specificity any acts by which either defendant directly or contributorily violated plaintiff's copyright").

Moreover, contrary to defendant's contention, it is of no consequence that Plaintiffs plead

4

on "information and belief," rather than setting forth specific evidentiary facts to support their allegations. At least one court has expressly held that, "Pleading 'upon information and belief' is sufficient to satisfy federal notice pleading under Fed.R.Civ.P. 8(a)." Steinbrecher v. Oswego Police Officer Dickey, 138 F.Supp.2d 1103, 1109-1110 (N.D.Ill. 2001). Under Rule 8, Plaintiffs need only give notice of the claim, leaving "factual details and evidentiary issues [to be] developed during discovery." Capitol Records, Inc. v. Wings Digital Corp., 218 F.Supp.2d 280, 284 (E.D.N.Y. 2002); see also Plunket v. Doyle, 2001 WL 175252, *6 (S.D.N.Y. Feb. 22, 2001) (holding that plaintiff need not specify in the complaint each infringing act, as "discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendant's control").

With respect to the time period of the alleged copyright infringement, the Complaint alleges that, since February 28, 2005 (the date the Complaint was filed), defendant has "used and continues to use an online media distribution system to download the Copyrighted Recordings." (Cplt. ¶ 13). This assertion of continuous and ongoing infringement satisfies the pleading requirements applicable to claims for copyright infringement. In Franklin Electronic Publishers, the court found it sufficient under Rule 8 that, " . . . while plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe." Franking Elec. Publ'r, 763 F.Supp. at 4; cf. Plunket, 2001 WL 175252 at *5 (dismissing copyright infringement claim under Rule 8 in part because complaint did not include any description whatsoever of the time period during which the alleged infringement occurred). Similarly, in Home & Nature, the court concluded that "the fourth element [of pleading a copyright infringement claim] is satisfied because plaintiff states that the defendant

5

has, since December 2000, infringed and continues to infringe 'one or more' of its copyrights by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items.'" Home & Nature Inc., 322 F.Supp.2d at 266-267. The court declined to order a more definite statement with regard to the copyright infringement claim, finding that the complaint adequately put the defendant on notice of the acts and times of alleged infringement. Id. Likewise, in the present case, Plaintiffs' allegation of continuous and ongoing infringement satisfies Rule 8's pleading requirements.

For the foregoing reasons Defendant's motion to dismiss is denied.

The Court notes that this case has garnered a considerable following on the Internet – partly due to a mistaken belief that I have already decided the case in favor of Mrs. Santangelo. I have not – and today's simple pleading ruling does not begin to address the merits. We will turn to them now, and to the question that is raised by this and similar complaints: is an Internet-illiterate parent, who does not know Kazaa from a kazoo, and who can barely retrieve her e-mail, liable for copyright infringement committed by that parent's minor child, who downloads music over the Web without the parent's knowledge or permission – but using the parent's Internet account?

This constitutes the decision and order of the Court.

Dated: November 28, 2005

_____
U.S.D.J.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC RECORDING CORP., et al.,                    No. 05 Civ. 9111 (LTS)(DFE)

                    Plaintiffs,

        -against-

DOES 1 - 25,

                 Defendants.



ORDER

      The Court has received Defendant John Doe No. 8's motion, filed on December 1,

2005, seeking to sever and dismiss the case as to all Defendants except Doe No. 1 and to quash a

subpoena directed to Mediacom Communications Corp. concerning Internet Protocol address

12.218.60.79 on the grounds that the complaint is insufficiently plead and fails to state a claim.  The

Court is also in receipt of Plaintiffs' Opposition filed on December 7, 2005, and Defendant's Reply,

filed on December 20, 2005.  The Court has thoroughly reviewed the parties' written submissions and

denies Defendant's motion in its entirety.

      As to the severance aspect of the motion pursuant to Federal Rules of Civil Procedure

20 and 21, it is impossible to tell at this state to what extent the factual and legal issues relating to the

transactions and alleged infringement will overlap, how many parties will be actively involved in the

ligation, or to what extent defenses will raise legally and factually distinct issues.  Pursuant to the

Court's broad discretion to manage severance/joinder issues, the Court denies the severance aspect of

the motion without prejudice to renewal after service upon Defendants and Responses to the

complaint.

      The Defendant also moves to dismiss the complaint and to quash the subpoena,

principally on the grounds that the complaint is insufficiently plead and that the complaint fails to

state a claim.  Pursuant to Federal Rule of Civil Procedure 8(a), a complaint is sufficiently plead if it contains a "short and plain statement" that sets for the claim for relief.  Fed. R. Civ. P. 8(a) (West 2005); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).  In the context of copyright infringement, Rule 8(a) is satisfied if the plaintiff asserts "(i) which specific original work is the subject of the copyright claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright."  Sharp v. Patterson, 03 Civ. 8772 (GEL), 2004 WL 2480426 at *12 n.19 (S.D.N.Y. Nov. 3, 2004).

Here, Plaintiffs have sufficiently plead a copyright claim.  They have alleged which song titles are the subject of the claim, that they own the copyrights pursuant to valid registrations, and that Defendants have and continue to "download, distribute to the public, and/or make available for distribution to others" their copyrighted titles.  (See complaint ¶¶ 20-27 and attached Exhibits.) While Plaintiffs have also alleged potential dates of infringement, an assertion of continuous and ongoing infringement satisfies the pleading requirements for trademark claims.  Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991).  Federal Rule of Civil Procedure 8(a) also permits pleading in the alternative.  Fed. R. Civ. P. 8(a) (West 2005).  The complaint, therefore, does not fail to state a claim because Plaintiffs allege downloading and distribution as well as making copyrighted material available for distribution.  (See complaint at ¶ 23.) Accordingly, Defendant's motion is denied in its entirety.


IT IS SO ORDERED.

Dated: New York, New York
          January 3, 2006


LAURA TAYLOR SWAIN
United States District Judge

United States Courts
Southern District of Texas
FILED

AUG 2 6 2005

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS, L.L.C., a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and WARNER BROS. RECORDS, INC., a Delaware corporation,<br>      **Plaintiffs**<br><br>**v.**<br><br>**JACOB CONKLIN,**<br>      **Defendant** | § § § § § § § § § § § § § § § § | Civil Action No. H-05-1482<br><br>**PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

## DEFENDANT'S MOTION TO DISMISS UNDER RULES 8(a) AND 12(b)(6)

Defendant Jacob Conklin responds to the complaint filed by Plaintiffs in this matter by filing a motion to dismiss under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

1.    Jacob Conklin moves to dismiss the complaint filed against him in this matter because it fails to state a claim upon which relief can be granted and because it does not satisfy the pleading requirements applicable to copyright infringement claims. The complaint argues only that "plaintiffs are informed and believe" that Mr. Conklin "used, and continues to use an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." Plaintiffs' complaint at

paragraph 14.  The complaint gives no further description of alleged acts of infringement or when any such alleged acts are supposed to have occurred.

2.   Plaintiffs attached to their complaint two exhibits.  Exhibit A, which bears Defendant's name in its title, includes a list of ten songs, the artists who recorded them, the alleged copyright owner, and the title of the album on which they were recorded.  Exhibit B is a printout of seven pages' worth of computer screen shots.  Each exhibit, the complaint alleges, includes the "Copyrighted Recordings" referred to elsewhere in the complaint.  The distinction between those songs listed on Exhibit A and those contained in Exhibit B is not made clear by the complaint.  See Plaintiffs' complaint generally, especially at paragraph 12.

3.   A copyright infringement claim such as this one that does not describe the acts, dates, and times of alleged infringements does not satisfy the pleading requirements and must therefore be dismissed.  Rule 8(a) requires that a complaint give "fair notice" of the claims against a Defendant.  In copyright infringement cases, the rule requires that a Plaintiff "plead with specificity the acts by which a Defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).  Such a complaint "must set out the particular infringing acts ... with some specificity.  Broad, sweeping allegations of infringement do not comply with Rule 8."  To withstand a motion to dismiss, a copyright infringement claim must allege the acts and "during what time the Defendant infringed the copyright." *Id.* at 230.

4.    Other courts, including at least one Texas federal court, have required

Plaintiffs alleging copyright infringement to include in their pleadings

statements alleging "by what acts and during what time the Defendant has

infringed the copyright." *Sefton v. Jew* 201 F. Supp. 2d 730, 747 (W.D. Tex.

2001), citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

Applying that standard, the Western District of Texas found that a statement

alleging when any infringements occurred would be necessary to determine

whether Plaintiffs' copyright infringement claim was valid in light of the

three-year limitations governing actions under the Copyright Act. *Sefton* at

748.

5.    Plaintiffs' complaint makes no attempt to describe the specific acts or dates

and times of any alleged copyright infringement.  Neither do the exhibits

Plaintiffs attached to their complaint.  For all of the above reasons, Plaintiffs'

complaint must be dismissed.

Respectfully submitted,

Jacob Conklin
503 Willow Wisp Circle
Spring, Texas 77388-6144
281-288-3766
Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to:

Kristi Belt
T. Lynne Eckels
Marni M. Otjen
Shook, Hardy & Bacon, L.L.P.
Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911

by certified mail, return receipt requested, telefax, or hand delivery on the _25th_ day of ___August___, 2005.

JACOB CONKLIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BMG MUSIC; CAPITOL RECORDS, INC.; §
ARISTA RECORDS LLC; UMG §
RECORDINGS, INC.; SONY BMG MUSIC §
ENTERTAINMENT; and WARNER BROS. §
RECORDS INC. §
    §
    Plaintiffs, §                       CIVIL ACTION NO. 4:05-CV-1482
    §
vs. §                                   JUDGE SIM LAKE
    §
JACOB CONKLIN §
    §
    Defendant. §

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS UNDER RULES 8(a) AND 12(b)(6)**

Plaintiffs ask the Court to deny Defendant's Motion to Dismiss Under Rules 8(a)

and 12(b)(6).

**INTRODUCTION**

On April 27, 2005, Plaintiffs filed suit against Defendant Jacob Conklin to seek

redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the

Copyright Act of 1976, 17 U.S.C. Section 101 *et seq.*  Plaintiffs are recording companies that

own or control exclusive rights to copyrights in sound recordings.  Since the early 1990s,

Plaintiffs and other copyright holders have faced a massive and exponentially expanding

problem of digital piracy over the Internet.  Today, copyright infringers use various online media

distribution systems ("peer-to-peer" networks) to download (reproduce) and unlawfully

disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted

sound recordings each month.  Indeed, the Supreme Court of the United States recently

characterized the magnitude of online piracy as "infringement on a gigantic scale." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* 125 S. Ct. 2764, 2772 (2005).

Online media distribution systems are designed so that users can easily and anonymously connect with like-minded infringers.[1]  A new user first downloads the necessary software from one of the peer-to-peer providers.  Once the software is installed and launched, the user is connected to other users of the service—typically millions of people at a time—to search for, copy, and distribute copyrighted works stored on other users' computers.  The software creates a "share" folder on each user's computer in which to store the files the user downloads from the service, which are then available for copying by other users.  Moreover, to enable users to search the computers of complete strangers, the software scans the "share" folders of those connected to the network, extracts information from each user's files, and automatically creates indices of the sound recordings and other works available for copying and distribution.

To download a copyrighted work to his own computer, the user clicks on an entry from the list of search results.  The service then automatically retrieves a perfect digital copy of the desired sound recording from the computer of one or more other users.  In a short time, the copying user has a new and permanent audio copy that he or she can listen to or transfer to a digital device as often as desired.  Each time a user makes an unauthorized copy, that copy immediately becomes available on the copying user's computer (and remains available on the computers of the users from whom the copy was made) to be copied and distributed further by others—resulting in an exponentially multiplying (or "viral") creation and redistribution of perfect digital copies.

---

[1]     For a description of how online media distribution systems are utilized to commit copyright infringement see *In re Aimster*, 334 F.3d at 646–47; and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004,1011 (9th Cir. 2001).

Online infringement is decimating the recording industry. The Supreme Court recently characterized the magnitude of online piracy as "infringement on a gigantic scale." *Grokster*, 125 S. Ct. at 2782. Similarly, in a recently issued report, the Department of Justice concluded that online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at http://www.cybercrime.gov/IPTaskForceReport.pdf, at 39 (October 2004).

As a result of the rise of online media distribution systems, Plaintiffs have sustained and continue to sustain devastating financial losses. Plaintiffs' losses from the copyright infringement have also resulted in layoffs of thousands of employees in the music industry. Unfortunately, infringing users of peer-to-peer systems are often "disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement," rendering this serious problem even more difficult for copyright owners to combat. *Aimster*, 334 F.3d at 645.

On July 17, 2004, Plaintiffs' investigators located an individual with the username 123123@KaZaA using a peer-to-peer network to engage in copyright infringement on a massive scale. This individual had 523 music files on his computer and offered them freely for distribution to the millions of people who use similar peer-to-peer networks. On information and belief, this individual downloaded all or many of these 523 sound recordings without the permission of the record company copyright owners.

Plaintiffs' investigators further ascertained that the individual used Internet Protocol ("IP") address 24.175.100.30 to connect to the Internet. Accordingly, Plaintiffs filed a

"John Doe" Complaint against this individual and, after obtaining a court order, issued a subpoena to Time Warner Cable ("Time Warner") in order to determine who used the above-referenced IP address. Time Warner identified Jacob Conklin. On April 27, 2005, Plaintiffs filed a Complaint against Jacob Conklin ("Defendant") for copyright infringement.

Defendant has now moved to dismiss the Complaint. Notably, Defendant does not dispute his liability for copyright infringement. Nor does he dispute that Plaintiffs are entitled to bring suit against individuals disseminating copyrighted works over peer-to-peer ("P2P") networks. Indeed, there is no credible argument to the contrary. Uploading and downloading copyrighted works over a P2P network clearly violates federal law. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013–14 (9th Cir. 2001).[2]

Instead, Defendant argues only that Plaintiffs have failed to "state a claim upon which relief can be granted" and that the complaint "does not satisfy the pleading requirements applicable to copyright infringement claims." Motion at ¶ 1. But contrary to Defendant's contentions, Plaintiffs have fully and properly pleaded a claim for copyright infringement. Plaintiffs' Complaint easily satisfies Rule 8's requirement of a "short and plain statement" of the grounds for the claim asserted and the relief sought, and they have pleaded the proper elements for a claim for copyright infringement in this District. Defendant's Motion should be denied.

---

[2]    *See e.g., In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("swap[ping] computer files containing popular music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (same); *BMG Music v. Gonzalez*, 2005 WL 106592, 2005 Copr. L. Dec. P 28, 933 (N.D. Ill. January 7, 2005) ("Numerous courts have held that downloading music from the internet . . . constitutes 'direct infringement.'"); *Elektra Entertainment Group, Inc. v. Bryant*, 2004 WL 783123, at * 4 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs allege that Defendant has used an online media distribution system to

## ARGUMENT AND AUTHORITIES

1. ### LEGAL STANDARDS FOR MOTION TO DISMISS

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must decide whether the facts alleged in the Complaint, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

In resolving a 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to Plaintiffs; (2) accept all well-pleaded allegations as true; and (3) determine whether Plaintiffs can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996); *see also Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) (noting that dismissal is only appropriate if plaintiffs could not recover under any set of facts that they could prove). Dismissal is reserved only "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

2. ### PLAINTIFFS' COMPLAINT COMPLIES WITH THE LIBERAL NOTICE PLEADING POLICIES OF RULE 8

To state a claim of copyright infringement properly, Plaintiffs must allege only: (1) that they own valid copyrights; and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works.

---

download, meaning copy, Plaintiffs' copyrighted sound recordings and to distribute those recordings to other users of the system. These facts constitute direct copyright infringement.")

*See Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403 (5th Cir. 2004); *see also, e.g.,*
*Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish copyright
infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying
of constituent elements of the work that are original."); 4 M. & D. NIMMER, NIMMER ON
COPYRIGHT § 13.01, at 13–5 & n.4 (2002) ("Reduced to most fundamental terms, there are only
two elements necessary to the plaintiff's case in an infringement action: ownership of the
copyright by the plaintiff and copying [or public distribution or public display] by the
defendant.").

Moreover, Rule 8 (a) requires, in pertinent part, that Plaintiffs' Complaint include
"(1) a short and plain statement of the grounds upon which the court's jurisdiction depends,
unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to
support it, (2) a short and plain statement of the claim showing that the pleader is entitled to
relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a).
Defendant suggests only that the Complaint is deficient with respect to the acts by which the
copyrighted works were infringed and/or the time frame during which the infringement took
place. These arguments are without merit, and the Court should deny the Motion to Dismiss.

1.    Plaintiffs have adequately alleged the acts by which Defendant infringed the
      copyrighted works.

Defendant's assertion that "[a] copyright infringement claim such as this one that
does not describe the acts, dates, and times of alleged infringements does not satisfy the pleading
requirements and must therefore be dismissed" is simply incorrect. Motion at ¶ 3. In support of
this contention, Defendant cites to *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230
(S.D.N.Y. 2000), for the proposition that Plaintiffs must "'plead with specificity the acts by
which a Defendant has committed copyright infringement.'" *See id.* The acts that the *Marvullo*

Court instructed must be specifically pleaded are the acts "by which [the] defendant directly or contributorily violated plaintiff's copyright." *Marvullo*, 105 F. Supp. 2d at 230. Plaintiffs submit they have set forth the acts of infringement with far more than "some" specificity; their allegations are hardly the "[b]road, sweeping allegations of infringement" against which the *Marvullo* Court warned. *Id.* at 230.

At its heart, Defendant's argument ignores the plain language of Plaintiffs' Complaint, which states:

> Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.   In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

Complaint at ¶ 14.   Plaintiffs have therefore alleged the specific acts by which copyright infringement took place: the reproduction and distribution of the copyrighted recordings using an online media distribution system.   Moreover, in Exhibit B to the Complaint, Plaintiffs provided a comprehensive list of the works that Defendant has infringed.   Notably, Plaintiffs are *not* required to allege each individual act of copyright infringement in their Complaint. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000) ("Plaintiff's Complaint narrows the infringing acts to the publication of the [copyrights at issue], and their illegal use in certain commercial products. . . .   These allegations are sufficiently specific for the purposes of Rule 8, despite the fact that each individual infringement was not specified.").[3]

---

[3]    Indeed, Plaintiffs could hardly be expected to do so: such infringement has been taking place for as long as the sound recordings have been available on Defendant's computer.

The actions described in Plaintiffs' Complaint unquestionably qualify as actionable copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ("transmitting a digital copy of [copyrighted] music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate Plaintiffs' distribution rights."); *Hotaling v. Church Of Jesus Christ Of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) (placing unauthorized copy of copyrighted work in library's collection, listing work in library's index or catalog system, and making work available to borrowing or browsing public was distribution of work within meaning of Copyright Act).

Defendant's citations to legal authority do not save his Motion. In *Marvullo*, plaintiff alleged that his photograph "was published by the Defendants beyond the scope and authority of the limited license" sold by plaintiff to defendants and that defendants "contributorily infringed said copyright by alternatively acquiring, publishing, using and placing upon the general market . . . a photographic image which was copied largely from plaintiff's copyrighted photographic image." *See Marvullo*, 105 F. Supp. 2d at 228–29. But the court found that plaintiff's allegations were far too "vague and conclusory" and held that "[a]side from the specific allegation that defendant . . . violated plaintiff's copyright by unauthorizedly cropping the . . . photograph, [plaintiff] fails to allege with specificity any acts by which either defendant directly or contributorily violated plaintiff's copyright." *Id.* at 230–31. Here, however, Plaintiffs have pleaded the precise acts "by which [the] defendant directly . . . violated plaintiff's copyright" by the reproduction and distribution of the copyrighted recordings using an online media distribution system.

Because Plaintiffs have more than adequately described the acts by which Defendant infringed Plaintiffs' copyrights, the Court should deny Defendant's Motion to Dismiss.

2.    <u>Plaintiffs have adequately alleged the time frame in which Defendant infringed the copyrighted works.</u>

Plaintiffs also have adequately specified the time frame during which copyright infringement took place. Defendant cites to the decision in *Marvullo* to support his argument that the Complaint should be dismissed because it does not allege "'during what time the Defendant infringed the copyright.'" Motion at ¶ 3. That case and the current matter are inapposite, and thus *Marvullo* does not support the dismissal of Plaintiffs' Complaint.

Defendant similarly cites *Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001), citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), for the proposition that Plaintiffs must include in their pleadings "statements alleging 'by what acts and during what time the Defendant has infringed the copyright.'" Motion at ¶ 4. In that case the court considered an allegation of copyright infringement stemming from the purported publishing of copyrighted photographs. *Id.* at 737. Ultimately, the court in *Sefton* determined that an exhibit to the plaintiff's complaint that provided printed pages from a website showing portions of the photographs at issue and the date the pages were printed was sufficient to meet the requirement of establishing when the infringement took place. *Id.* at 748. And, in *Marvullo*, the court's decision does not mention any allegation of continuing infringement. In this case, however, Plaintiffs have alleged that as of April 27, 2005—the date Plaintiffs filed the Complaint— "Defendant . . . has used, and continues to use an online media distribution system to download the Copyrighted Recordings." Complaint at ¶ 14. Courts have previously recognized that an allegation of ongoing and continuous infringement satisfies the requirement that the Complaint

specify the time period during which the subject copyright infringement occurred. For example, in *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991), the court considered a motion to dismiss a copyright infringement count for failure to state the time of infringement. The court held that by alleging continuous infringement, plaintiff had sufficiently pleaded the time of infringement and, therefore, denied the motion to dismiss. *See id.* at 4. ("[W]hile plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe."). Similarly, in *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260 (E.D.N.Y. 2004), the court found that plaintiff's allegation that defendant "continues to infringe 'one or more' of [plaintiff's] copyrights by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items'" was sufficient to give notice under Rule 8 "during which times the acts have allegedly taken place." *Id.* at 266–67.

Here, as in *Franklin* and *Home & Nature*, Plaintiffs have alleged an ongoing and continuous infringement by Defendant. Plaintiffs' Complaint therefore satisfies the requirement that it show the dates and times of the infringing acts.

## CONCLUSION

This is a simple and straightforward case of copyright infringement. Defendant's internet account was used to engage in massive copyright infringement. Now, in an effort to avoid liability for those wrongful acts, Defendant contends that the specific infringing acts and the date and time of the infringement do not appear in the Complaint and asks this Court to dismiss the entire lawsuit. But Defendant ignores the plain language of the Complaint— language that, construed in the light most favorable to Plaintiffs, easily satisfies Plaintiffs' burden of pleading.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion.

DATED: September 15, 2005

Respectfully submitted,

By: ___/s/ Kristi Belt_____
Kristi Belt
Texas Bar No. 24026798
S.D. Texas Attorney No. 27449
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
E-mail Address: (kbelt@shb.com)

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

T. Lynne Eckels
Texas Bar No. 06397700
S.D. Texas Attorney No. 13696
E-mail Address: (teckels@shb.com)
Marni Magowan Otjen
Texas Bar No. 24046568
S.D. Texas Attorney No. 567838
E-mail Address: (motjen@shb.com)
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 1600
Houston, Texas 77002-2911
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS UNDER RULES 8(A) AND 12(B)(6) was served this 15th day of September, 2005, via Certified Mail, Return Receipt Requested, addressed as follows:

Jacob Conklin
503 Willow Wisp Circle
Spring, Texas 77388-6144

_/s/ Kristi Belt_____
Kristi Belt

United States Courts
Southern District of Texas
ENTERED

SEP 1 6 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BMG MUSIC, et al.                    §
                                     §
              Plaintiffs,            §
                                     §
v.                                   §        CIVIL ACTION NO. H-05-1482
                                     §
JACOB CONKLIN,                       §
                                     §
              Defendant.             §

**ORDER**

    Defendant's Motion to Dismiss Under Rules 8(a) and 12(b)(6)
(Docket Entry No. 17) is **DENIED**.

    **SIGNED** at Houston, Texas, on this 16th day of September,
2005.

_____
            SIM LAKE
UNITED STATES DISTRICT JUDGE

CHAMBERS OF
HON. BARBARA S. JONES
UNITED STATES DISTRICT COURT
FOLEY SQUARE
NEW YORK, NEW YORK 10007
TEL:   (212) 805-6185
FAX:  (212) 805-6191

**FAX COVER SHEET**

To:   J. Christopher Jensen
      Attorney for Plaintiff
      Fax: 212-575-0671

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SONY MUSIC CORPORATION, et. al,          :

             Plaintiffs,          :

         v.          :          03 Civ. 6886 (BSJ)

                     :

JAMES SCOTT,          :

                     :          ORDER AND

                     :          PERMANENT INJUNCTION

           Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

    This case arises out of Defendant's use of an online media distribution system to download, reproduce and distribute Plaintiffs' copyrighted sound recordings.  It is uncontested that Defendant's conduct constitutes infringement of two of Plaintiffs' rights in copyright: the right to reproduce and the right to distribute.  Plaintiffs have moved for partial summary judgment, seeking a permanent injunction against Defendant's further infringement of their copyrights.  For the reasons stated below, Plaintiffs' motion is granted.

**Procedural History**

    The complaint in this action was filed on September 8, 2003.  Defendant, who is pro se, answered the complaint on November 24, 2004.  In his answer, which consisted of a handwritten letter to Magistrate Judge Katz, Defendant denied liability for Plaintiffs' claims of copyright infringement.

- 1 -

In or around January 2004, Plaintiffs sent Defendant a
request to produce documents, a set of interrogatories and a
request for admissions.  As of March 1, 2004, Defendant had not
replied to these discovery requests.  On March 3, 2004,
Magistrate Judge Katz ordered that Defendant respond to
Plaintiffs' discovery requests and warned Defendant that his
failure to do so could result in Plaintiffs' request for
admissions being deemed admitted.

Defendant did not respond to the discovery requests.
Again, on March 22, 2004, Magistrate Judge Katz issued an order
which granted Defendant a final extension which allowed him
until April 5, 2004 to reply to Plaintiffs' discovery requests.
Magistrate Judge Katz warned Defendant that his continued
failure to respond to the discovery requests would result in
Plaintiffs' requests for admission being deemed admitted.
Finally, on April 13, 2004, Magistrate Judge Katz issued an
order stating that Plaintiffs' requests for admissions were
admitted.  On April 21, 2004, Magistrate Judge Katz issued a
revised scheduling order which cut off discovery on June 1,
2004.  Since April 2004, Plaintiffs have served additional
discovery requests on Defendant.  Defendant has not responded to
those requests.

As a result of the April 13 order, the following facts were
deemed admitted: (1) Defendant used an online media distribution

- 2 -

system to download Plaintiffs' sound recordings from the computers of other users to Defendant's own computer; (2) Defendant knew that the sound recordings were copyrighted when he downloaded them; (3) Plaintiffs never authorized Defendant to download their sound recordings; (4) Defendant made Plaintiffs' sound recordings available to others via an online media distribution system; (5) Plaintiffs never authorized Defendant to make their sound recordings available to others for downloading or copying; (6) after Defendant received the complaint in this action, he continued to download sound recordings using an online media distribution system; (7) after Defendant received the complaint in this action, he continued to make sound recordings available to others via an online media distribution system; (8) the document attached as Exhibit B to the complaint is a true and correct copy of Defendant's share folder, listing the material Defendant made available to others via an online media distribution system, as it existed at some point during the previous three years; (9) Plaintiffs own the sound recordings listed in the document attached to the complaint as Exhibit A.

In or around July 9, 2004, Plaintiffs filed the instant motion for partial summary judgment, requesting that the Court permanently enjoin Defendant from infringing Plaintiffs' copyrights and requiring Defendant to destroy the Plaintiffs'

sound recordings he obtained through copyright infringement.
Plaintiffs provided Defendant with the notice required under the
Southern District of New York's Local Rules for pro se litigants
opposing summary judgment motions.  Defendant replied to
Plaintiffs' motion, but his papers did not oppose the entry of
partial summary judgment in favor of Plaintiffs.  Rather,
Defendant appears to raise questions regarding the scheduling of
his deposition in March 2004, an issue that was already moot
after discovery was closed on June 1, 2004.

Based on the admissions entered against Defendant and
Plaintiffs' submissions, the Court finds it clear that there is
no genuine issue of material fact as to Defendant's liability
for infringing Plaintiffs' copyrights.  Accordingly, pursuant to
Section 502(a) of the Copyright Act, 17 U.S.C. § 502(a), the
following injunction shall be entered against Defendant:

Defendant shall be and hereby is enjoined from directly or
indirectly infringing Plaintiffs' rights under federal or state
law in the Copyrighted Recordings and any sound recording,
whether now in existence or later created, that is owned or
controlled by Plaintiffs (or any parent, subsidiary, or
affiliate record label of Plaintiffs) ("Plaintiffs'
Recordings"), including without limitation by using the Internet
or any online media distribution system to reproduce (i.e.,
download) any of Plaintiffs' Recordings available for

- 4 -

distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

Conclusion

For the foregoing reasons, Plaintiffs' motion for partial summary judgment and a permanent injunction is granted.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          February 18, 2005

COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): ✓
COUNSEL FOR DFT(S): _____
PLTF PRO SE: _____
DFT. PRO SE: mail
DATE: 2/18/05
BY: _____ BP

- 5 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): X
COUNSEL FOR DFT(S): _____
PLTFF PRO SE: _____
DFT PRO SE: X
DATE: 1/5/05
BY: DH

---

SONY MUSIC ENTERTAINMENT INC., a
Delaware corporation, ELEKTRA
ENTERTAINMENT GROUP INC., a
Delaware corporation; UMG
RECORDINGS, INC., a Delaware
corporation; and ARISTA RECORDS, INC.,
a Delaware corporation,

                       Plaintiffs,

-against-

JAMES SCOTT,

                       Defendant.

x
:
:
:
:
:
:
:
:
:
:
:
x

03 Civ. 6886 (BSJ) (THK)

[PROPOSED] ORDER AWARDING
STATUTORY DAMAGES

U.S. DISTRICT COURT
FILED
JAN - 9 2006
S.D. OF N.Y.

---

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    This case concerns Defendant's admitted use of an online media distribution system known as

"Kazaa" to infringe Plaintiffs' copyrighted sound recordings.  By Order dated February 18, 2005 (the

"Order"), this Court granted Plaintiffs' motion for partial summary judgment, finding that

Defendant's unauthorized reproduction and distribution of five of Plaintiffs' copyrighted works

infringed two of Plaintiffs' rights and constituted copyright infringement as a matter of law, and

enjoining Defendant from infringing Plaintiffs' copyrights again in the future (the detailed procedural

history of the case is set forth in the Order).  The Order was based upon certain facts deemed

admitted by Magistrate Judge Katz as a sanction for Defendant's failure to comply with discovery

orders, including:  (1) Defendant used the Kazaa online media distribution system to download

Plaintiffs' copyrighted recordings from the computers of other users to Defendant's own computer;

(2) at the time of the downloading, Defendant knew the files were copyrighted and that Plaintiffs had

never authorized Defendant to download them; (3) in total, Defendant distributed 944 music files through the Kazaa system, making each of them available for downloading to millions of other Kazaa users; and (4) Defendant continued to engage in these infringing acts even after he received the Complaint in this action.

Plaintiffs have elected to recover an award of statutory damages pursuant to 17 U.S.C. § 504(c). Plaintiffs now move for summary judgment with respect to the amount of the statutory award for each of the five infringed works identified in Exhibit A to the Complaint. Because this Court finds that no genuine issue of material fact exists regarding Plaintiffs' entitlement to recover an award of $4,000 for Defendant's "non-willful" infringement[1] of each of the five infringed works identified in Exhibit A to the Complaint (for a total award of $20,000), for the reasons set forth below, the Plaintiffs' motion is granted.

## DISCUSSION

Once copyright infringement has been established, the Copyright Act grants courts broad discretion to set the appropriate amount of the statutory award within a permissible range for "non-willful" infringement of a minimum of $750 per work and a maximum of $30,000 per work, "as the court considers just" 17 U.S.C. § 504(c)(1); see also National Football League v. PrimeTime 24 Joint Venture, 131 F.Supp.2d 458, 472 (S.D.N.Y.2001) ("It is well-established that district courts have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed by the Copyright Act."). Plaintiffs do not need to prove any actual damages to be entitled to an award of statutory damages. See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (plaintiff "may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the

---

[1] Plaintiffs have not sought a finding that Defendant's infringement was willful.

2

amount of defendant's profits") (citing Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[B], at 14.04[A], 14-44-45). No evidentiary hearing is required, because no genuine issue of material fact exists with respect to the Plaintiffs' entitlement to a statutory award in this amount. See Capitol Records, Inc. v. Lyons, 2004 WL 1732324, *3 (N.D. Tex. Aug 02, 2004) ("While it is true that the damages in this case are neither liquidated nor capable of mathematical calculation, it is not necessary for the Court to hold a hearing as long as it ensures that there is a basis for the damages specified in a default judgment.").[2]

Here, Plaintiffs elect to recover statutory damages for "non-willful" infringement and seek $4,000 for each of five infringements, an amount which this Court finds is reasonable under the circumstances. Defendant's infringing conduct has subjected Plaintiffs' valuable copyrighted sound recordings to ongoing "viral" infringement. See, e.g., In re Aimster Copyright Litigation, 334 F.3d 643, 646-47 (7th Cir. 2003) ("the purchase of a single CD could be levered into the distribution within days or even hours of millions of identical, near-perfect (depending on the compression format used) copies of the music recorded on the CD"). The requested award is particularly appropriate because Plaintiffs seek only to recover for five infringements even though Defendant was distributing many more music files. Moreover, Defendant's extreme indifference to both the copyright law and the authority of this Court throughout this litigation, and the need for deterrence further justifies the requested award. See, e.g., Microsoft v. Wen, 2001 WL 1456654, at *6 (N.D. Cal. Nov. 13, 2001) ("[n]ominal damages in cases such as these not only fail to deter infringement, but also encourage disregard for discovery procedures") (awarding statutory damages of $15,000 per work on summary judgment where defendants admitted factual allegations in complaint by default).

---

[2] Defendant has not requested a jury trial, and has waived his right to do so. See Fed. R. Civ. P. 38(d) ("[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury").

3

Although an award of $4,000 per infringement is on the very low end of the statutory range for non-willful infringement, such an award is necessary so that Defendant will appreciate the unlawful nature of his actions. In addition, the use of online media distribution systems to commit copyright infringement is pervasive, and other users of such systems must understand that the copyright law applies with equal force to infringing Internet activity. See Universal City Studios v. Reimerdes, 111 F. Supp.2d 294, 344-45 (S.D.N.Y. 2000) ("the excitement of ready access to untold quantities of information has blurred in some minds the fact that taking what is not yours and not freely offered to you is stealing"); Elektra Entertainment Group Inc. v. Bryant, 2004 WL 783123 at *5 (C.D. Cal. February 13, 2004) (noting that a heightened statutory damage award on default judgment for copyright infringement by individual Kazaa user would be "reasonably calculated to serve the Act's deterrent purposes"); Broadcast Music, Inc. v. Entertainment Complex, Inc., 198 F.Supp.2d 1291, 1296 (N.D. Ala. 2002) (awarding statutory damages on motion for summary judgment in the amount of "$3,909.09 for each of the 11 musical compositions whose copyrights Defendants were shown to have infringed, placing the award on the relatively low end of the $750-to-$30,000-per-work range permitted by the statute").

For the forgoing reasons, Plaintiffs' Motion for Summary Judgment on the Amount of Statutory Damages is granted. Pursuant to the Copyright Act, 17 U.S.C. § 504(c)(1), Defendant shall pay damages to Plaintiffs in the amount of $4,000 for each of five infringements, for a total principal sum of $20,000. The Clerk of the Court is directed to close this Case.

SO ORDERED:

DATED: 1|3|06

By: _____
Barbara S. Jones
United States District Judge

4

<u>**CERTIFICATE OF SERVICE**</u>

I, J. Christopher Jensen, being a member of the Bar of this Court, certify that on January 24, 2006, I caused a true copy of the foregoing *Plaintiffs' Opposition to Defendant's Motion to Dismiss the Complaint,* to be served on defendant's counsel by First Class Mail addressed to Defendant's counsel at:

> Ray Beckerman, Esq.
> BELDOCK LEVINE & HOFFMAN LLP
> 99 Park Avenue, 16th Floor
> New York, NY 10016

Dated: New York, New York
        January 24, 2006

J. Christopher Jensen (JJ-1864)