# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

ANDREW P. BRIDGES
415-591-1482
ABRIDGES@WINSTON.COM

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

February 16, 2006



MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/06

**VIA COURIER**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:   *Elektra v. Barker*, 05 CV 7340 (KMK)
      **Request for permission to file *amicus curiae* brief on behalf of Computer & Communications Industry Association and U.S. Internet Industry Association**

Dear Judge Karas:

I respectfully request permission to file an *amicus curiae* brief on behalf of Computer & Communications Industry Association and U.S. Internet Industry Association in connection with the Defendant's motion to dismiss in this case. These prospective amici are organizations that represent a wide variety of companies in the computer, Internet, information technology, and telecommunications industries.

While this case concerns claims by recording companies against an individual for alleged copyright infringements arising from the individual's use of "peer-to-peer" file-sharing systems to receive or send music over the Internet, the case raises issues that may extend far beyond its particular circumstances and may affect other industries and companies that are not represented in the case. The proposed *amicus* brief addresses one of those issues, namely the scope of section 106(3) of the Copyright Act, 17 U.S.C. §106(3), which gives copyright holders exclusive rights "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."

The reason for an *amicus* brief in this context is that one of the Plaintiffs' claims is that the Defendant violated the "distribution" right of Plaintiffs under section 106(3) by having

WINSTON & STRAWN LLP

Honorable Kenneth M. Karas
February 16, 2006
Page 2

on her computer an index of sound recording files available for transmission to others. In their opposition brief, Plaintiffs argue that because Defendant has made copyrighted works available to others she has therefore violated the "distribution" right under section 106(3). The prospective amici believe Plaintiffs are seeking what is in effect an expansion of the "distribution" right to cover a vague and indeterminate concept of "making available," which in turn may encompass many activities other than those enumerated in section 106(3). The concept of "making available" can be so broad as to encompass the activities of virtually any company or person active on the Internet.

The prospective amici fear that such an expansion of the "distribution" right under section 106(3) would be both unwarranted and harmful because it would (1) expand copyright law to cover activities not properly covered by the Copyright Act and (2) blur the sharp distinction between the "distribution" right and other copyright rights, such as the right of public performance or public display under 17 U.S.C. §§ 106(4) and (5). Improper expansion of the Copyright Act and reconfiguration of copyright rights are the province of Congress, not the courts, and Plaintiffs' arguments would disturb existing law and settled expectations. The prospective amici believe it very important for the Court to apply the plain statutory language of the Copyright Act rather than to adopt the Plaintiffs' interpretation of the law.

As noted above, the prospective amici take no position as to whether the Defendant is liable for copyright infringement or whether Plaintiffs' complaint has stated a claim for violation of section 106(3). The prospective amici wish to urge the Court to apply the correct statutory standard to claims under section 106(3).

The proposed brief is 16 pages. I am in the process of preparing a motion for admission *pro hac vice* to accompany the brief, which is awaiting arrival of certificates of good standing. The brief can be filed promptly upon the Court's notice of its willingness to accept the brief and approval of the impending motion for *pro hac vice* admission.

I am informed that the parties completed their briefing on the motion on February 6, 2006, and that no hearing has yet been scheduled. Counsel for the Defendant has consented to the filing of the *amicus* brief. I have requested consent from counsel for the Plaintiffs but have not yet received an indication of their position.

I thank the Court for its consideration of this request.

Respectfully submitted,

Andrew P. Bridges /ril

Andrew P. Bridges

APB:ril

**WINSTON & STRAWN** LLP

Honorable Kenneth M. Karas
February 16, 2006
Page 3

cc:  Ray Beckerman (Counsel for Defendant) (by facsimile)
Richard L. Gabriel (National Counsel for Plaintiff) (by facsimile)
J. Christopher Jensen (Counsel for Plaintiff) (by facsimile)
Maryann Penney (Counsel for Plaintiff) (by facsimile)

Permission to file a brief no longer than 20 pages on behalf of amici is GRANTED. The brief shall be filed no later than February 24, 2006. Any response from the parties may be no longer than 10 pages and must be filed by March 3, 2006.
SO ORDERED

KENNETH M. KARAS U.S.D.J.
2/17/06

SF:125344.1