UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC. et al.,          No. 05 CV 7340 (KMK)

                            Plaintiffs,

       -against-

DENISE BARKER,

                            Defendant.

-----------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW COMMENTING ON *AMICUS CURIAE* BRIEFS SUPPORTING HER MOTION TO DISMISS THE COMPLAINT**

       The *amicus curiae* briefs submitted by the Electronic Frontier Foundation ("EFF"), and Computer & Communications Industry Association and U.S. Internet Industry Association ("CCIA/USIIA") provide further support for dismissal of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

       We have a few brief observations.

       On page 19 of their brief, CCIA/USIIA state that plaintiffs' "distribution" claim must be evaluated under the statutory language "at the pleading stage now, *and at a proof stage later*." We respectfully submit that there is no reason in the world for there to be a "proof stage later." There was nothing in plaintiffs' opposition papers supporting a finding that they should be entitled to re-plead.

On page 8 of its brief, the EFF writes that defendant is "accused of having made unauthorized copies of sound recordings and of electronically transmitting those sound recordings to others" and that she "is alleged" to have used the Internet to do so. On page 9, the EFF brief refers to "Ms. Barker's transmissions". In fact, as noted in our earlier papers, the Complaint contains no such allegations. There is no reference anywhere to a single unauthorized copy or to a single transmission of anything.

While we agree with the legal points made by EFF and CCIA/USIIA, we would like to point out to the Court that (a) these issues are only being discussed because of the RIAA's outlandish opposition papers, which – in a desperate failed attempt to justify having commenced 19,000 meritless litigations – fashioned an argument that stands copyright law on its head, and (b) the Court does not need to reach any of it, because the Complaint identifies no transmission or performance of anything, with or without a fixation in a material object.

## CONCLUSION

The Court should grant defendant's motion in all respects.

Respectfully submitted,

BELDOCK LEVINE & HOFFMAN LLP
Attorneys for defendant Tenise Barker
(incorrectly sued herein as "Denise Barker")


By:    s/ Morlan Ty Rogers
       Morlan Ty Rogers (MR 3818)
99 Park Avenue
New York, NY 10016
(212) 490-0400

*Of Counsel*:
Ray Beckerman
Morlan Ty Rogers

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC. et al.,          No. 05 CV 7340 (KMK)

        Plaintiffs,

  -against-

DENISE BARKER,                                    **AFFIDAVIT**
                                                  **OF SERVICE**

        Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

        NIKIYA SCOTT, being duly sworn, deposes and says:

        1.    I am not a party to the within action; am over 18 years of age and am employed by Beldock Levine & Hoffman LLP, 99 Park Avenue, 16th Floor, New York, New York 10016.

        2.    On March 2, 2006, I served the within DEFENDANT'S MEMORANDUM OF LAW COMMENTING ON AMICUS CURIAE BRIEFS SUPPORTING HER MOTION TO DISMISS THE COMPLAINT upon the following attorneys:

| | | |
|---|---|---|
| Cowan Liebowitz & Latman, P.C. | Winston & Strawn LLP | Fred von Lohmann, Esq. |
| Attn: Maryann E. Penney, Esq. | Attn: Andrew P. Bridges | Electronic Frontier Foundation |
| 1133 Avenue of the Americas | 101 California Street, 39th Floor | 454 Shotwell Street |
| New York, NY 10036-6799 | San Francisco, CA 94111 | San Francisco, CA 94110 |

by depositing on said date true copies thereof, enclosed in separate properly addressed post-paid wrappers into an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                                      _____
                                                              NIKIYA SCOTT

Sworn to before me this
2nd day of March, 2006

_____
    Notary Public

        **MORLAN TY ROGERS**
   **Notary Public, State of New York**
         NO. 02RO6116188
    **Qualified in Queens County**
**Commission Expires September 20, 20_08_**