

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/06
```

JONATHAN ZAVIN
345 Park Avenue
New York, NY 10154-1895

Direct  212.407.4161
Main   212.407.4000
Fax    310.919.3554
jzavin@loeb.com

Via Messenger

March 2, 2006

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
New York, NY 10007

**MEMO ENDORSED**

Re: *Elektra Entertainment Group Inc., et al. v. Barker*, Case No. 05CV7340 (KMK) (THK)

Dear Judge Karas:

We represent the Motion Picture Association of America (MPAA). On behalf of the MPAA we respectfully request permission to file an *amicus curiae* brief in connection with the defendant's motion to dismiss in the above captioned case. We are making this request late in the briefing schedule because neither the MPAA nor its members were aware of the case and the issues raised in the defendant's motion to dismiss, or the arguments advanced by the other *amici curiae* until late last week.

The MPAA is a trade association whose members include the largest motion picture distributors in the United States.[1]  Widespread digital piracy over the internet using peer to peer systems (such as the defendant in this case is alleged to have used for copying and distributing sound recordings) has caused, and continues to cause, enormous harm to the motion picture industry, which invests enormous funds and creative energies to produce and distribute creative works protected by copyright.

While the defendant may well be found to be an infringer in this case, the MPAA does not take any position on this issue; rather, the MPAA would like the opportunity to explain to the Court why the defendant's motion to dismiss and the supporting *amicus briefs*[2] are simply incorrect in their contention that a copyright owner's exclusive distribution right under section 106(3) of the Copyright Act, 17 U.S.C. § 106(3), does not encompass: (1) an offer to distribute (or making copyrighted content available), or (2) the transmissions of electronic files over computer networks.

---

[1]   The members of the MPAA are Buena Vista Pictures Distribution (Disney), Metro-Goldwyn-Mayer Studios Inc., Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLLP and Warner Bros. Entertainment Inc.

[2]   These *amicus* briefs in support of the defendants position were submitted on February 24, 2006 on behalf of the Electronic Freedom Foundation, the Computer & Communications Industry Association, and the U.S. Internet Industry Association.



Honorable Kenneth M. Karas
March 2, 2006
Page 2

The proposed *amicus curiae* brief by the MPAA will address the practical effect of such a ruling on copyright law and on copyright holders, and the proper scope of § 106(3), which grants copyright holders the exclusive right "to distribute copies or phonorecords of copyrighted work to the public." Contrary to the positions taken in the briefing by the other *amici curiae*, a determination that either (1) making copyrighted content available for digital downloading does not constitute a violation § 106(3), or (2) that the digital transmission of copyrighted content does not constitute a violation of § 106(3), is both contrary to existing law, and would have serious consequences that were never intended by Congress.

Because the MPAA and its members only recently became aware of the proceedings before the Court in this case, and of the positions taken by the other *amici curiae* (which challenged the applicability of § 106(3) to the type of behavior alleged in the complaint), the MPAA requests that it be given fourteen (14) days to file a brief not to exceed twenty (20) pages. We understand that no hearing date has yet been scheduled on the defendant's motion to dismiss, and we respectfully submit that such delay will not prejudice either of the parties. In the event that permission to file an *amicus curiae* brief is denied, we respectfully request that the Court note that the MPAA joins in the briefs submitted by the plaintiffs in this case in connection with the motion to dismiss, in so far as plaintiffs' briefs address the scope of the distribution right under § 106(3), and that the Court further note the threat of tremendous harm that would be posed to copyright owners and licensees in general, should defendant's and/or its supporting *amici's* flawed and legally unfounded positions with respect to this issue prevail.

Counsel for Plaintiff has consented to the filing of the proposed *amicus* brief. Counsel for Defendant does not consent to the filing of the proposed *amicus* brief.

We thank the Court for its consideration of this request.

Respectfully,

Jonathan Zavin

JZ:mr
20568710001
NY476491.4

cc:   J. Christopher Jensen (Counsel for Plaintiffs) (via facsimile)
      Ray Beckerman (Counsel for Defendant) (via facsimile)

*MPAA may submit its amicus brief, to be no longer than 20 pages, by March 17, 2006.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
3/3/06