UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    Electronically filed

ELEKTRA ENTERTAINMENT GROUP INC. et al.,    No. 05 CV 7340 (KMK)

                Plaintiffs,

      -against-

DENISE BARKER,

                Defendant.

-----------------------------------------------------------------x


**MEMORANDUM OF LAW OF
DEFENDANT TENISE BARKER IN RESPONSE TO
STATEMENT OF INTEREST OF UNITED STATES OF AMERICA**


                **VANDENBERG & FELIU, LLP**
                Attorneys for defendant Tenise Barker
                110 East 42 Street
                New York, NY 10017
                (212) 763-6800

The "Statement of Interest" submitted by the Department of Justice ("DOJ") carelessly and repeatedly refers to an argument purportedly made by "EFF *and Defendant"* which was in fact made by EFF alone, and was *never* relied upon by defendant, either in her moving papers, or reply papers.

We were aware of the *Agee* case, in which the Second Circuit pondered whether ephemeral transmissions could ever implicate the "distribution right", but deliberately refrained from advancing the *Agee* argument because there was no need for the Court to reach that issue in this case, and we specifically so advised the Court in our response to the EFF brief.

The "Statement of Interest" is no more and no less than a response to that single issue.

DOJ concedes that its sole interest in this to matter is to protect some 200 convictions and prosecutions based on "illegally distributing pirated copies of copyrighted works over the Internet" (Statement, p. 4), something not relevant here, and specifically concedes that it has NEVER sought to prosecute "acts that consist merely of making copyrighted works available for downloading" (Statement, p. 5, fn. 3), the very thing which is the basis for plaintiffs' complaint.

I.e., the Statement is a response to something which only an *amicus* raised, and which is unnecessary to a resolution of the issues that were framed by plaintiffs and defendant.

Defendant's motion is based on 4 self-evident propositions:

(1) the unexceptionable and well established principle that notice pleading requires of a copyright infringement complaint some specifics as to the actual acts, dates, and times;

(2) the fact that the conclusory averments of "downloading, distributing and/or making available for distribution" are in themselves insufficient;

(3) the fact that the complaint is bereft of instances of "downloading" or of "distributing"; and

(4) the fact that the only portion of the claim bolstered by any specifics at all is the "making available" portion, which – although it offers no basis for attributing any acts of infringement *to defendant* – does allege, albeit inarticulately, that at a certain date and time the "Exhibit A" song files were "available" to be downloaded from a shared files folder through a dynamic IP address that had been traced to an internet access account paid for by defendant.

Our motion then points out that, unfortunately for plaintiffs, and again based on well established principle, merely "making available" does not a copyright infringement claim make.[1]

In response to that, plaintiffs in essence conceded that they had no information to support their "downloading" or "distributing" claims, and that the only specifics they had were in support of the "making available" theory, and then proceeded with a wild – indeed, we would submit, frivolous – argument that "making available" is enough.

It was in response to this bizarre argument advanced by plaintiffs that the *amici* understandably got disturbed about this case and took a strong interest in it, and it was in response to the *amicus* EFF's argument, that internet transmissions could not implicate the distribution right, that the Government took an interest.

Meanwhile, it seems plain to us that the issue of whether ephemeral transmissions with or without physical copies can ever implicate the "distribution right" is an issue which, in the

---

[1] The only exception to this rule known to any of us is *Hotaling*, in which (a) the copies "made available" were *concededly unauthorized copies*; (b) defendants were in the business of operating a chain of *libraries* which *deliberately kept no circulation records*; (c) the Court expressly ruled that it would not reward libraries for maintaining no circulation records; and (d) the libraries had affirmatively listed all the unauthorized copies in their card catalogues.

context of Ms. Barker's case, is merely theoretical, or even hypothetical : "Had the RIAA properly pleaded actual instances of Ms. Barker transmitting song files through the internet to another person or entity, resulting in the making of physical copies by those persons or entities, would such a claim have stated a violation of the distribution right, as opposed to or in addition to, the reproduction right?"

We would sooner leave that question alone. We submit that the resolution of that issue should be left to another day, when the computer industry – with all its resources – can square off against the record industry – with all its resources – on a record in which the issue (a) has been properly framed, and (b) its resolution become unavoidable.

For the Court's purpose, which is determining Ms. Barker's motion, it suffices to say that neither the making of any such ephemeral transmissions nor the making of any physical copies from those transmissions has been alleged in any way that gives proper notice under Rule 12(b)(6). The vague, conclusory, ambiguous complaint – identical to 19,000 other such boilerplate complaints – is an affront to the federal judicial system and an insult to the intelligence of the Court. If plaintiffs cannot be bothered to conduct a proper investigation, and then to draft a proper complaint, they have no business cluttering the Courts' docket.

## CONCLUSION

The DOJ's Statement of Interest, dealing as it does with an issue that is not properly before the Court, should be disregarded.

Respectfully submitted,

**VANDENBERG & FELIU, LLP**


By:    s/ Ray Beckerman
       Ray Beckerman (RB 8783)
Attorneys for defendant Tenise Barker
110 East 42 Street
New York, NY 10017
(212) 763-6800

*Of Counsel*:
Ray Beckerman
Morlan Ty Rogers