

# Holme Roberts & Owen LLP
*Attorneys at Law*

DENVER

BOULDER

COLORADO SPRINGS

LONDON

LOS ANGELES

MUNICH

SALT LAKE CITY

SAN FRANCISCO

August 29, 2007

**BY ECF AND FIRST-CLASS MAIL**

Honorable Kenneth M. Karas
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

      Re:    Elektra Entertainment Group, et al. v. Barker
              Case No. 05CV7340 (KMK)
              Response to Supplemental Authority

Dear Judge Karas:

      We represent plaintiffs in the above-referenced action. We write in response to the supplemental authority filed yesterday by defendant.

      Contrary to defendant's argument, Latin American Music Co. v. Archdiocese of San Juan, No. 05-2806, 2007 WL 2326817 (1st Cir. Aug. 16, 2007) (hereafter "LAMCO") in no way repudiates any argument made by plaintiffs in this case. Indeed, most of LAMCO's discussion is irrelevant to any issue here. To the extent that LAMCO is relevant, however, it fully supports plaintiffs' position.

      First, LAMCO in no way addresses the question of whether the distribution right set forth in 17 U.S.C. § 106 includes a right of "making available." Nor does LAMCO address the more specific question of whether the "to authorize" language of § 106 supports or does not support a determination as to whether the distribution right includes a right of making available. The court does, however, cite, without any discussion or analysis, Venegas-Hernandez v. Asociacion De Compositores y Editores De Musica LatinoAmericana, 424 F.3d 50, 57-58 (1st Cir. 2005) for the proposition that the mere authorization of an infringing act is insufficient to establish copyright infringement. This point appears to relate to the question of whether merely listing a copyrighted recording in a catalogue without authorization is sufficient

Richard L. Gabriel  303.866.0331  richard.gabriel@hro.com
1700 Lincoln Street, Suite 4100  Denver, Colorado 80203-4541  *tel* 303.861.7000  *fax* 303.866.0200
#1216163 v3

**Holme Roberts & Owen LLP**
*Attorneys at Law*

Honorable Kenneth M. Karas
August 29, 2007
Page 2

to establish copyright infringement, a point that was partly at issue in LAMCO. Although this point is irrelevant to any issue in the current case (because this case does not involve the mere listing of recordings on an index), it is noteworthy that, in reaching its conclusion, the Venegas-Hernandez court itself found that one can read the literal language of the Copyright Act to find an authorization right and also that "the better bare-language reading" of the Copyright Act would allow claims for infringement based on the mere authorization of an infringing act. See Venegas-Hernandez, 424 F.3d at 57-58. The Venegas-Hernandez court went on, however, to find that a narrower interpretation suggested by the legislative history should override the literal language of the Copyright Act. See id. In light of the foregoing, plaintiffs respectfully submit that, even if Venegas-Hernandez were relevant here, the legal proposition for which LAMCO cites it is dubious at best.

Notwithstanding the questionable viability of this legal premise, however, LAMCO goes on to hold that it might well have been infringing for LAMCO to list a publisher's copyrighted works in its catalogue where certain of the songs at issue also "were available on [its affiliate's] website" and where certain songs had been distributed by LAMCO and its affiliate in a compact disk. See LAMCO, 2007 WL 232617 at *12 (emphasis added). Because the court could not tell which recordings were merely listed in the catalogue and which also were made available through LAMCO's affiliate's website or by CD, the court held that summary judgment on the issue of infringement was inappropriate. In other words, the court permitted the case to go to trial where there was a fact question as to whether the alleged infringers had done more than merely list songs on an index.

In this respect, LAMCO is completely consistent with plaintiffs' argument here that the distribution right is violated where copyrighted sound recordings are not only listed in an index of recordings but also are available behind the index, i.e., available for download once identified on the index, which was the case here. Moreover, if, as LAMCO held, a case should go to trial where there is a fact question as to whether the alleged infringer had done more than merely list files on an index, then certainly a complaint should

#1216163 v3

## Holme Roberts & Owen LLP
*Attorneys at Law*

Honorable Kenneth M. Karas
August 29, 2007
Page 3

survive a motion to dismiss where, as here, plaintiffs have alleged far more than a mere listing of files on an index.

Accordingly, contrary to defendant's assertions, <u>LAMCO</u> does not repudiate plaintiffs' argument that the distribution right set forth in § 106 subsumes a right of making available. Moreover, for the reasons set forth above, in all relevant respects, <u>LAMCO</u> fully supports plaintiffs' position in this case.

Respectfully submitted,

s/Richard L. Gabriel
Attorney for Plaintiffs

RLG:ah
cc:  Ray Beckerman, Esq. (by ECF and e-mail)
     Andrew Bridges, Esq. (by ECF and e-mail)
     Fred von Lohmann, Esq. (by ECF and e-mail)
     Eric J. Schwartz (by ECF and e-mail)
     Jonathan Zavin (by ECF and e-mail)
     Richard Guida, Esq. (by ECF and e-mail)

#1216163 v3