UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08

ELEKTRA ENTERTAINMENT GROUP, INC. *et al.*,

                     Plaintiffs,

-v-

DENISE BARKER,

                     Defendant.

No. 05 Civ. 7340 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a letter dated May 16, 2008 from defendant requesting a waiver of the Court's pre-motion practice in connection with defendant's contemplated motion for reconsideration of the March 31, 2008 Opinion and Order of the Honorable Kenneth M. Karas, District Judge ("March 31 Order"). The Court is also in receipt of plaintiffs' response to this letter, dated May 20, 2008, opposing defendant's requests. The Court interprets defendant's letter as her motion for reconsideration, and for the following reasons, that motion is denied.

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879 (LBS), 2008 WL 1985763, at *1 (S.D.N.Y. May 7, 2008) (citations omitted); *see also Range Road Music, Inc., v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391 (S.D.N.Y. 2000). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Local Rule 6.3 similarly states that

> [a] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion . . . [t]here shall be served with the

notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

Local Rule 6.3 is to be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, No. 08 Civ. 1239 (JSR), 2008 WL 1708913, at *1 (S.D.N.Y. Apr. 14, 2008).

Courts in this Circuit have also articulated the standard for evaluating motions for reconsideration. A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked" and "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." *Regent Ins. Co.*, 2008 WL 1985763, at *1 (citations and internal quotation marks omitted). As such, "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dept. of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Golden v. New York City Dept. of Envtl. Prot.*, No. 06 Civ. 1587 (DLC), 2008 WL 762107, at *2 (S.D.N.Y. Mar. 24, 2008) (The moving party may not "'advance new facts, issues or arguments not previously presented to the Court.'") (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); *Morgan v. Abco Dealers, Inc.*, No. 01 Civ. 9564 (PKL), 2008 WL 697153, at *2 (S.D.N.Y. Mar. 11, 2008) ("The controlling decisions or factual matters presented by a litigant for reconsideration must have been put before the court in the underlying motion.")

The decision to grant or deny the motion is within the sound discretion of the district court. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). "The

standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Sompo Japan Ins. Co. of Am. v. Norfolk Southern Ry. Co.*, No. 07 Civ. 2735 (DC), 2008 WL 2059324, at *2 (S.D.N.Y. May 15, 2008) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Controlling authority means decisions of the Second Circuit Court of Appeals, *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 118 (S.D.N.Y. 2007), or the U.S. Supreme Court." *Ivan Visin Shipping*, 2008 WL 1708913, at *1.

Defendant's motion is denied for two reasons. First, defendant has clearly missed the ten-day deadline imposed by both Rule 59(e) and Local Rule 6.3. Defendant's letter was not submitted until May 16, 2008, approximately 45 days after the issuance of the March 31 Order. There can be no question that defendant was aware of the decision prior to May 16, 2008, because the Court held a conference on April 18, 2008 to discuss, *inter alia*, defendant's April 11, 2008 request that the Court amend the March 31, 2008 Order to include certification of the order for an immediate interlocutory appeal. Defendant puts forth no other reason for failing to comply with the ten-day limitation.

Second, defendant has presented no controlling authority that was overlooked by the Court in the March 31 Order. Defendant points to the following three decisions in support of her motion: *Atlantic Recording Corp. v. Howell*, --- F. Supp. 2d ---, No. 06 Civ. 2076 (PHX) (NVW), 2008 WL 1927353 (D. Ariz. Apr. 29, 2008); *London-Sire Records, Inc. v. Doe 1*, --- F. Supp. 2d ---, No. 04 Civ. 12434 (NG), 2008 WL 887491 (D. Mass. Mar. 31, 2008); and an unpublished decision in *Capitol Records Inc. v. Jammie Thomas*, No. 06 Civ. 1497 (MJD) (RLE) (D. Minn. May 15, 2008). While these decisions may, at best, be *relevant*, they are not

controlling authority because (1) they are not decisions of the Second Circuit or United States Supreme Court; (2) they were not previously presented to the Court; and (3) indeed they could not have been presented to the Court since they post-date the March 31 Order. Thus, defendant has shown no basis why reconsideration is warranted. Defendant's arguments relating to the "offer to distribute" issue were fully litigated on the motion to dismiss before Judge Karas, and the March 31 Order constitutes the law of the case as to that issue.

Accordingly, defendant's motion for reconsideration is denied.

SO ORDERED.

Dated:   May 21, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE