UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x
ELEKTRA ENTERTAINMENT GROUP INC., a Delaware
corporation; UMG RECORDINGS, INC., a Delaware
corporation; and VIRGIN RECORDS AMERICA, INC., a
California corporation,                                                    Case No. 05CV7340(RJS)

                                  Plaintiffs,

                -against-

DENISE BARKER,

                                 Defendant.


-------------------------------------------------------------------------x   **ANSWER**

        Defendant, for her answer to the amended complaint, by her attorneys, RAY BECKERMAN, P.C., alleges:

        1. Denies knowledge or information sufficient to form a belief as to the allegations of paragraphs 4, 5, 6, 7, 10, and 13.

        2. Denies paragraph 11, except admits that "Among the exclusive rights granted [to owners of sound recording copyrights]... under the Copyright Act are the exclusive right to reproduce" copyrighted recordings subject to fair use and other defenses, and the exclusive right "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending".

        3. Denies the allegations of paragraph 12, except admits that (a) defendant, without the express permission or consent of plaintiffs, as of November 12, 2004, was a user of the Kazaa peer-to-peer file sharing network, using the Kazaa application, for her personal use, and on or before November 12, 2004, downloaded some of the Copyrighted Recordings to her computer, (b) the number of recordings in which, upon information and belief, plaintiffs collectively owned sound recording copyrights, and which were downloaded by defendant through Kazaa, equals or

exceeds the eight (8) songs set forth in exhibit A to the complaint, and (c) the downloaded recordings were resident on defendant's computer on November 12, 2004, and available to a limited number of other Kazaa members.

       4. Denies the allegations of paragraph 13, except admits that other copies of plaintiffs' sound recordings, but not those in issue, may have borne copyright notices, and denies that defendant is chargeable with copyright notices on copies which are not the copies which she has seen or copied, contrary to the holding of the U.S. Court of Appeals for the Seventh Circuit in BMG Music v. Gonzalez, 430 F.3d 888 (7th Cir. 2005).

       5. Denies the allegations of paragraphs 14, 15, and 16.

**FIRST, ALTERNATIVE, AFFIRMATIVE DEFENSE
(UNCONSTITUTIONALITY OF PLAINTIFFS' DAMAGES THEORY)**

       6. Upon information and belief, the plaintiffs' lost revenues are approximately 70 cents per download.

       7. Upon information and belief, the plaintiffs' saved expenses per download are approximately 35 cents per download.

       8. Upon information and belief, the plaintiffs' actual damages are approximately 35 cents per download.

       9. Plaintiffs' damages theory, that it is entitled to statutory damages of from $750 to $150,000 per song file downloaded would lead to an unconstitutional construction of 17 U.S.C. § 504, which would lead to a result plainly violative of due process, since the damages awarded under any such theory would range from 2,142 times the actual damages to 428,571 times the actual damages sustained. See, e.g. Parker v. Time Warner Entertainment Co.,331 F.3d 13 (2d Cir. 2003); UMG Recordings, Inc. v. Lindor, 2006 WL 3335048 (E.D.N.Y. 2006); In re Napster Inc., 2005 WL 1287611 (N.D. California 2005).

10. Accordingly, in keeping with the principle that a statute must be construed where possible in a manner that is consistent with its constitutionality, plaintiffs' complaint, which alleges no specific acts but alleges only generally defendant's use of an "online media distribution system" to infringe plaintiffs' copyrights, should be construed so as to allege that defendants' use of an "online media distribution system" -- i.e. her joining and participating in Kazaa -- to infringe plaintiffs' copyrights, constitutes a single infringement, and that statutory damages not exceeding a total of $750 may be awarded.

**SECOND, ALTERNATIVE, AFFIRMATIVE DEFENSE
(UNCONSTITUTIONALITY OF STATUTE AS APPLIED)**

11. As an alternative to the first affirmative defense, in the event that the Court cannot construe the statute in a manner consistent with its constitutionality, plaintiffs' recovery of statutory damages must be limited to $3.50 per incident of downloading or uploading proved, and any further recovery that might appear to be otherwise authorized by 17 U.S.C. § 504, against a single noncommercial user for a single upload or download of an MP3 file for personal use, barred, as being in violation of due process.

**THIRD AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)**

12. Upon information and belief, the documents referenced in exhibits A and B to the amended complaint were procured by an unlicensed investigator, MediaSentry, now known as SafeNet, Inc. in the commission of a Class B Misdemeanor under N.Y. General Business Law § 70, and consisted of unlawful pretexting and invasion of defendant's privacy, by reason of which plaintiffs -- who procured and paid MediaSentry to engage in these acts -- are guilty of unclean hands.

**FOURTH, PARTIAL, AFFIRMATIVE DEFENSE**
**(BAR AGAINST STATUTORY DAMAGES, COSTS, AND FEES)**

13. The amended complaint makes no mention of any enumerated acts of infringement, but instead seeks recovery for a series of acts, to wit the operation of an "online media distribution system" to infringe plaintiffs' copyrights.

14. Accordingly, to the extent plaintiffs seek statutory damages or costs for sound recording copyrights registered with the U.S. Copyright Office subsequent to the date on which defendant first began using Kazaa, their claims are barred by 17 U.S.C. § 412. See, e.g., Homkow v. Musika Records, Inc., 2008 U.S. Dist. LEXIS 14079 (S.D.N.Y. February 26, 2008); Irwin v. ZDF Enters. GmbH, 2006 U.S. Dist. LEXIS 6156 (S.D.N.Y. 2006); Shady Records, Inc. v. Source Enters., 2004 U.S. Dist. LEXIS 26143 (S.D.N.Y. 2004).

**FIFTH, PARTIAL, AFFIRMATIVE DEFENSE**
**(INNOCENT INFRINGEMENT)**

15. Defendant was not aware of any copyright infringement, and upon information and belief some or all of the copies which she downloaded did not bear copyright notice.

WHEREFORE the complaint should be dismissed, and defendant awarded costs, disbursements, attorneys fees, and such other and further relief as to the Court seems proper.

Dated: New York, New York
      July 27, 2008

                          **RAY BECKERMAN, P.C.**

                          By: /s/Ray Beckerman
                          Ray Beckerman (RB 8783)
                          Attorneys for Defendant
                          108-18 Queens Boulevard (4th Floor)
                          Forest Hills, NY 11375
                          (718) 544-3434

To: Holme Roberts & Owen LLP Esqs.
    1700 Lincoln Suite 4100
    Denver, CO 80203
    (303) 866-0331
      -and-
    Robinson & Cole LLP Esqs.
    885 Third Avenue, Suite 2800
    New York, NY 10022-4834
    (212) 451-2900
    Attorneys for Plaintiffs