USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: 8/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; UMG RECORDINGS,
INC., a Delaware corporation; VIRGIN
RECORDS AMERICA, INC., a California
corporation; and SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership,

    Plaintiffs,

    -against-

DENISE BARKER,

    Defendant.

--------------------------------------x

Civil Action No.: 1:05-cv-07340-RJS

Filed Electronically

STIPULATION AND ORDER

    Plaintiffs and Defendant hereby stipulate to the following terms, and that the Court may enter a final Stipulation and Order in favor of Plaintiffs and against Defendant without further notice or appearance by the parties, as follows:

    1.    Defendant shall pay to Plaintiffs in settlement of this action the sum of $6050.00, paid in fifty-five (55) equal monthly payments of $110 due on or before the 24th day of each month, with the first such payment due on or before August 24, 2008 and the last such payment due on or before February 24, 2013 ("Payment Date"). It shall be a default under this Stipulation and Order for Defendant to (a) fail to make any payment required hereunder by its due date; or (b) make a payment which is not honored by the financial institution upon which it is drawn. In

1

the event of a default which is not cured within 10 days of written notice of the default, Plaintiffs shall be entitled to enter judgment against Defendant in the form attached hereto, providing for, among other relief, money damages in favor of Plaintiffs in the amount of $12,100 less any sums received by Plaintiffs from Defendant hereunder, if any.

2.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

    (a) using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

    (b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or

server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

3. Defendant does not and will not contest service of the Summons and Complaint in this action, and is subject to the jurisdiction of the Court.

4. Defendant irrevocably and fully waives notice of entry of the Stipulation and Order, and understands and agrees that violation of this Stipulation and Order will expose Defendant to all penalties provided by law, including for contempt of Court.

5. Defendant irrevocably and fully waives any and all right to appeal the Stipulation and Order, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Nothing contained in the Stipulation and Order shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes this Stipulation and Order.

7. The parties shall not make any public statements that are inconsistent with any term of this Stipulation and Order.

8. Defendant acknowledges that Defendant has read this Stipulation and Order, and the attached [Proposed] Judgment And Permanent Injunction Based On Stipulation & Order, has had the opportunity to have them explained by counsel of Defendant's choosing, fully understands them and agrees to be bound thereby, and will not deny the truth or accuracy of any term or provision herein. Defendant is at least 18 years old and is otherwise legally competent to enter into this Stipulation and Order.

9. The Court shall maintain continuing jurisdiction over this action for the purpose enforcing this Stipulation and Order.

ted: New York, New York
August 13, 2008

ROBINSON & COLE LLP
Attorneys for Plaintiffs

By: _____
Brian E. Moran (BM-8573)
Victor B. Kao (VK-6967)
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Facsimile: (212) 451-2999

ATED: 8/12/08

By: _____
Denise Barker, in propria persona

RAY BECKERMAN
RAY BECKERMEN, P.C.
108-18 QUEENS BOULEVARD
4TH FLOOR
FOREST HILLS, NY 11375
Attorney for Defendant

ATED: 8/12/08

By: _____
Ray Beckerman
Ray Beckermen, P.C.
108-18 Queens Boulevard
4th floor
Forest Hills, NY 11375
Phone: (718)544-3434
Fax:

) ORDERED:

ATED: _____

By: _____
8/14/08   U.S.D.J.

4